## GEORGE CREDLE *v.* DAVID S. GIBBS.

The 31st section of the Act of 1868-'9, ch. 156, entitled an Act in relation to landlord and tenant is unconstitutional, because it professes to confer upon Justices of the Peace jurisdiction to administer the same remedies to purchasers of land under execution against the defendant therein, as to landlords against their tenants, contrary to the 15th and 33d sections of the 4th article of the Constitution, which confer exclusive original jurisdiction upon the Superior Courts of all civil actions, in which the title to real estate may come in question.

Those sections of the Act of 1868-'9, ch. 156, which give summary proceedings before Justices of the Peace, in favor of landlords to recover possession of lands from their tenants who hold over after the expiration of their leases, are not unconstitutional, because in consequence of the doctrine of estoppel the title to the real estate cannot come in question.

The cases of *Hardy* v. *Simpson*, Busb. 325, and *Jordan* v. *Marsh*, 9 Ire. 234, cited and approved.

This was a summary proceeding in ejectment commenced before a Justice of the Peace, under the provisions of the Act of 1868-'69, ch. 156, sec. 31.

The plaintiff claimed title to the lands in controversy under a Sheriff's deed against the defendant in the execution under which the lands were sold. The Justice gave a judgment for the defendant, from which the plaintiff appealed to the Superior Court, where the defendant again had a judgment, from which the plaintiff appealed to the Supreme Court.

It is unnecessary to state the grounds of defence taken before the Justice and in the Superior Court, because the case was decided in the Supreme Court upon the question of the constitutionality of the Act under which the proceedings were instituted before the Justice.

*Warren & Carter*, for the plaintiff.
*Fowle* and *Battle & Sons*, for the defendant.

DICK, J.    The Constitution establishes various Courts for the administration of justice, and in some degree defines their jurisdiction.

By reference to Art. 4, secs. 15 and 33, it appears that all civil actions in which the title to real estate comes in controversy, belong to the exclusive original jurisdiction of the Superior Court, and the General Assembly has no power to confer this jurisdiction upon any other Court.    Therefore the 31st sec. of ch. 156 of the Acts of 1868-'69, is unconstitutional, for in actions by purchasers under execution sale to recover possession of land, the title must necessarily be considered and passed upon.    The purchaser must establish his deed by evidence, before he can recover, and the debtor in possession may show any cause why the Sheriff's deed did not pass his estate.    *Hardy* v. *Simpson*, Busbee 325.

The debtor is not a tenant of the purchaser, as there is no privity of estate between them.    He is a mere occupant and his possession is not regarded in law as adverse to the purchaser; and the doctrine of estoppel does not apply as strictly as in the case of landlord and tenant.    *Jordan* v. *Marsh*, 9 Ired. 234.

The purchaser must show that the Sheriff's deed has passed the debtor's title, and a Justice of the Peace is expressly prohibited by the Constitution from taking jurisdiction of such questions.

That part of said Act which gives summary proceedings before Justices of the Peace, to recover possession of lands from tenants who hold over, is not unconstitutional, but is a wise and beneficial law.    In such cases the title cannot come in controversy, as it is a well settled rule, both in this country and in England, that a lessee put in possession of leased premises, or any person holding under him, shall not be allowed to question the lessor's title, in an action brought to recover possession of the premises.    In the early periods of the common law, it was regarded as a violation of the

13

oath of fealty, for a tenant thus to dispute his landlord's title, and it worked a forfeiture of the lease. 1 Washburn, 482. Before advantage can be taken of any defect in the landlord's title by the tenant, or person put in possession by him, the premises must be restored to the landlord. Smith on Land and Ten. 234. As the Legislature exceeded its constitutional authority in giving jurisdiction to Justices of the Peace, of cases in which purchasers at execution sale seek to recover possession from the debtors, the proceedings in this case cannot be sustained.

Proceedings dismissed.

PER CURIAM.                                   Judgment reversed.

NOTE.—The case of *Jones* v. *McGowan*, decided at the present term, presented the same question and was decided in the same way.