EDWARD C. TURNER *vs.* GILBERT A. LOWE.

1. The principle that a tenant cannot dispute his landlord's title is in full force, but a tenant was never prevented from showing an equitable title in himself, any facts which would make it inequitable to use his legal estate to deprive him of the possession.

2. For this purpose, formerly, the tenant was driven into equity, but under the present system, the tenant in such cases can avail himself of such equitable defence by his answer.

3. If such a defence cannot be set up in a Superior Court, it cannot be anywhere, as we have no separate Courts of Equity.

The case of *Calloway* v. *Hamby*, 65 N. C. R. 631, cited and approved.

This was a civil action brought to recover the possession of land, tried before His Honor Judge Cloud, and a jury at Spring Term, 1871, of Surry Superior Court.

The plaintiff claimed as landlord, &c. The defendant admitted the alleged tenancy, but in his answer set up as a counter-claim various facts, which he claimed constituted an equitable defence to the action, and proposed to give evidence thereof on the trial. His Honor rejected the evidence, and a verdict was, under the instructions of His Honor, found for the plaintiff, and from the judgment rendered thereon the defendant appealed.

It is deemed unnecessary to set forth the particulars of the proposed equity, as the case in this Court is made to turn upon the right of the defendant to set up an equitable defence; this Court assuming that His Honor intended to reject all evidence intending to support an equitable defence.

*Masten* for plaintiff.
No counsel for defendant.

RODMAN, J.    The rule that a tenant cannot dispute his landlord's title, has not been impaired by any recent legislation or by any recent decision of this Court. It holds good now wherever it formerly did.

But a tenant might always show an equitable title in himself against the legal title of his landlord, or any facts which made it inequitable in the landlord to use his legal estate to turn him out of possession.

When law and equity were administered by distinct tribunals, the tenant was obliged to go into a Court of Equity for that purpose.    But now that they are administered by the same Court, and without any distinction of form the tenant can set up in his answer any equitable defence he may have to his landlord's claim.    *Calloway* v. *Hamby*, 65 N. C. R. 631, is a case in which that was successfully done, and the defendants were held entitled to a specific performance of the plaintiff's covenant to convey the land.    If such a defence cannot be set up in a Superior Court, it cannot anywhere, for we have no separate Court of Equity.

We have not been at liberty to consider the particular equity set up in this case.    The Judge refused to hear it on the ground that no equity would avail as a defence.    In this he he erred.

Judgment reversed and the case remanded.

PER CURIAM.