## SAMUEL P. FORSYTHE *v.* HENRY A. BULLOCK.

In a summary proceeding, under the provisions of the Landlord and Tenant Act, the tenant may set up in his answer any equitable defence which he may have to his landlord's claim; and if such defence involve the title to re.1 estate, a Justice of the Peace has no jurisdiction thereof, and should dismiss the proceeding.

*Therefore*, where A instituted summary proceedings under said Act against B, who offered to prove that the deed under which the plaintiff claimed title, although executed by himself, and absolute upon its face, was in fact intended as a mortgage, and delivered as such: *It was held*, that upon appeal from the court of a Justice of the Peace, the court below *erred* in excluding evidence tending to show that said deed was intended and delivered to operate as a mortgage, and that the proceeding should have been dismissed for want of jurisdiction in the Justice of the Peace.

(*Turner* v. *Love*, 66 N. C. Rep. 413, cited and approved.)

This was a SUMMARY PROCEEDING before a Justice of the Peace under the "Landlord and Tenant Act" to get the defendant from the premises claimed by the plaintiff, heard upon appeal before his Honor Judge *M ore,* at July, (Special) Term, 1875, of the Superior Court of GRANVILLE county.

The defendant denied that he rented the premises; and as a further defence alleged that he had executed a deed in fee simple to the plaintiff for the same; that said deed was delivered as a mortgage, and that he had made large payments thereon. Upon this allegation the defendant moved to dismiss the proceeding, on the ground that a Justice of the Peace had not jurisdiction, because the title to the real estate was in controversy.

The motion was overruled and judgment rendered for the plaintiff, whereupon the defendant appealed to the Superior Court.

Upon the trial of the cause in the Superior Court the motion was again made, upon the same ground and was overruled by his Honor.

The defendant offered to prove that the said deed, although upon its face purporting to be an unconditional conveyance, was in fact intended as a mortgage for money borrowed. The evidence was conflicting as to whether or not the defendant had rented the premises from the plaintiff.

His Honor being of the opinion, that if the deed was in fact intended as a mortgage, the defendant's remedy was by summons for relief, to reform the deed, rejected the evidence upon that point and the defendant excepted.

The jury returned a verdict in favor of the plaintiff, whereupon the defendant moved for a *venire de novo*. Motion overruled, and judgment in favor of the plaintiff. The defendant appealed.

*Hargrove*, with whom was *Venable* for the appellant cited: *McCombs* v *Wallace*, 66 N. C. Rep. 481 ; *McMillan* v *Love*, 72 N. C. Rep. 18 ; *Green* v *Wilbur*, Ibid, 592 ; *Turner* v *Lowe*, 66 N. C. Rep. 413 ; and *Credle* v *Gibbs*, 65 N. C. Rep. 192.

*Edwards, Batchelor & Son, Peace* and *Young*, contra argued:

A Justice of the Peace has no jurisdiction of action by purchaser at execution sale against defendant in the execution. *Creedle* v. *Gibbs*. 65 N. C. Rep., 192 ; *Doolin* v. *Howard*, N. C. Rep., 433.

Nor of an action by the purchaser at a sale under a deed in trust against the trustor. *McCombs* v. *Wallace*, 66 N. C. Rep. 481.

*Froelick* v. *So. Ex. Co.*. 67 N. C. Rep., 1, shows jurisdiction of Justices of the Peace in matters of contract:

Has no jurisdiction upon action for deceit in sale of a mule. *Bullinger* v. *Marshall*, 70 N. C. Rep., 520 ; *Latham* v. *Rollins*, 72 N. C. Rep. 455. But if one takes my horse and sells it, and *receives the money*, I may waive the tort and sue for money had and received to my use, and if the sum does not exceed two hundred ($200) dollars, the jurisdiction be-

longs to a Justice of the Peace. *Bullinger* v. *Marshall* supra; *Winslow* v. *Weith*, 66 N. C. Rep., 432.

No jurisdiction of proceedings of forcible entry and detainer. *Perry* v. *Tupper*, 70 N. C. Rep., 538 ; *Railroad* v. *Johnson*, Ibid, 509 ; *State* v. *Yarborough*, Ibid, 250.

Contract to convey land, plaintiff pays thirty ($30) dollars for outstanding incumbrance to perfect his title. Justice of the Peace has jurisdiction of action to recover this sum. *Templeton* v. *Summers*, 71 N. C. Rep., 269.

Landlord and Tenant Act does not apply to a mortgagor who is allowed to remain in possession, &c. *Greer* v. *Wilbur*, 72 N. C. Rep., 592 ; *McMillan* v. *Son*, Ibid 18 ; Battle's Revisal, chap. 64, sec. 19 ; Chapter 63, secs. 16 and 17 ; Constitution, Article IV, sec. 33.

Tenant can never dispute his landlord's title until he yields possession. *Abbott* v. *Cromartie*, 72 N. C. Rep., 294 ; *Turner* v. *Love*, 66 N. C. Rep. 413.

A Justice of the Peace having jurisdiction to try the principal question, has jurisdiction to try every incidental question which may arise in the progress of the action. *Haynes* v. *Dalton*, 3 Dev., 91 ; *Garrett* v. *Shaw*, 3 Iredell, 395.

SETTLE, J. A Justice of the Peace is prohibited by the Constitution from entertaining jurisdiction of any action wherein the title to real estate shall be in controversy.

This does not conflict with any of the decisions, where it has been held, that a lessor may take summary proceedings before a Justice of the Peace, to recover possession from a lersee who holds over after the expiration of his term, where there is no other relation than that of lessor and lessee to complicate the question, for in such cases the tenant is estopped to deny the landlord's title.

But, as is said in *Turner* v. *Love*, 66 N. C. Rep., 413, a tenant might always show an equitable title in himself against the legal title of his landlord, or any facts which made it in-

equitable in the landlord to use his legal estate to turn him out of possession.

In the case at bar, the defendant offered to prove that the deed for the premises, made by him to the plaintiff, although on its face purporting to be a conveyance in fee simple, was in fact intended as a mortgage, to secure the payment of borrowed money, and was delivered as such, and that he, the defendant, had made large payments thereon. His Honor, being of opinion that, if this defence was true, the proper remedy for the defendant was by summons for relief to reform the deed, rejected the evidence.

In *Turner* v. *Love, supra*, it is said when law and equity were administered by distinct tribunals, the tenant was obliged to go into a Court of Equity for that purpose. But now, that they are administered by the same court, and without any distinction of form, the tenant can set up in his answer any equitable defence he may have to his landlord's claim. If such a defence cannot be set up in the Superior Court, it cannot anywhere, for we have no separate Court of Equity. Our conclusion is :

1. That his Honor should have dismissed the proceedings for want of jurisdiction in the Justice of the Peace, before whom they were instituted.

2. That the evidence offered by the defendant was competent to show that it was not the simple case of lessor and lessee, which is embraced by the landlord and tenant act.

There must be a *venire de novo*.

PER CURIAM.                                        *Venire de novo.*