JOHN C. HEYER v. NED BEATTY.

*Sufficiency of Answer—Proceeding under Landlord and Tenant Act.*

1. An answer which sets out "that no allegation of the complaint is true" is insufficient. It is necessary that the defendant shall separately answer *each allegation* of the complaint, by a general denial either of the whole allegation (not the whole complaint) or by a specific denial of some selected and specific part of the allegation.

2. In a proceeding before a Justice of the Peace under the Landlord and Tenant Act, (Laws 1868–'69, ch. 156,) a defendant who does not deny having entered as the tenant of the plaintiff, is estopped from setting up a superior title existing at the date of the lease or subsequently acquired from a third person.

( *Calloway* v. *Hamby,* 65 N C. 631; *Turner* v *Lowe,* 66 N. C. 413; *Flack* v. *Dawson,* 69 N. C. 42; *Abbott* v. *Cromartie,* 72 N. C. 292 and *Forsythe* v *Bullock,* 74 N. C. 135, cited, distinguished and approved. )

MOTION to dismiss the action, heard before *Henry, J.* at a special term of the Superior Court of NEW HANOVER county, December, 1875.

This was a proceeding under the act of 1868–'69, ch. 156, commonly known as the "Landlord and Tenant Act" before a Justice of the Peace. The plaintiff made oath that the defendant entered into the premises of a certain lot in Wilmington as the tenant of the plaintiff, that the term of the defendant had expired, that plaintiff had demanded possession of the premises, which defendant had refused and continued to hold over.

The defendant answered, 1st. That no allegation of the complaint is true. 2nd. That the plaintiff ought not to have or maintain his action against the defendant because the premises, mentioned in the complaint, at the time when the rent for which said action is brought, is alleged to be due, were and are now the land and freehold of the defendant;

nor was the plaintiff then nor is he now entitled to the possession thereof. And the defendant further answers that the title to the said premises was at the time aforesaid and is now in the said defendant and will come in question on the trial of this action. Upon the trial before the Justice the defendant demanded a jury, who returned for their verdict, "that the defendant was not the tenant of the plaintiff,' whereupon the Justice dismissed the proceedings and the plaintiff appealed to the Superior Court. In that Court the defendant moved to dismiss the action for want of jurisdiction in the Justice's Court.

Motion allowed. Appeal by plaintiff.

*Messrs. W. S. & D. J. Devane,* for plaintiff.
*Messrs. A. T. & J. London* and *Busbee & Busbee,* for defendant.

RODMAN, J. (After stating the facts as above.)

If the Justice had no jurisdiction, the action was properly dismissed, because the appellate Court should have given such judgment as the Court below should have given.

The ground on which it is argued that the Justice had no jurisdiction, is, that the title to the land was put in controversy by the pleadings.

By Art. IV. § 33, of the Constitution, a Justice at the date of these proceedings had jurisdiction only of actions, "wherein the title to real estate shall not be in controversy."

To the same effect is sec. 14, of ch. 63, Bat. Rev. Section 16, of said chapter, is as follows : " In every action brought in a Court of a Justice of the Peace, where the title to real estate comes in controversy, the defendant may, either with or without other matter of defence, set forth in his answer, any matter showing that such title will come in question."

Section 17: If it appears on the trial that the title to real estate is in controversy, the Justice shall dismiss the action and render judgment against the plaintiff for costs.

By section 24, of the Landlord and Tenant Act, the provisions of the above cited sections are applicable to actions under that Act. So that, the only question presented in this case is: Was the title to the land put in controversy by the pleadings?

This is to be decided on the pleadings alone and of course is unaffected by the finding of the jury before the Justice.

Our Code (§ 100) says, "The answer of the defendant must contain, 1st. A general or specific denial of *each* material allegation of the complaint controverted by the defendant, &c."

In *Flack* v. *Dawson*, 69 N. C. 42, the first defence in the answer was, "that no allegation in the complaint is true," which is almost in the identical words of the first defence in the answer in the present case. The Court held that such a mode of denial was insufficient and might be stricken out. Mr. Pomeroy, in his valuable work on Remedies, expresses a different opinion. On p. 655, § 611, he says: "It is very plain that in the former case, (that is when the defendant desires to put the whole complaint in issue,) the general denial, in its brief and comprehensive form, is as efficacious as a particular traverse of each averment separately." He considers the general denial, as the substitute under the Code, for the plea of the general issue under the former system.

It may be difficult to define satisfactorily the exact meaning of the words used in the section of the Code cited and we will not attempt it. But we conceive, that one principal object of the new system, was to abolish or restrict the use of the general issue; to require of plaintiffs, as far as it was practicable, a statement of the *facts as they were*, and not according to their *legal effect;* and thus both to enable and

to *require* defendants to specify the particular facts which they intended to controvert. To permit a denial of the facts of the complaint *en masse*, would be to lose this object and to allow and extend, at least where the answer is not under oath, the abuse of the general issue, which formerly existed. It would seem also to ignore the requirement that the denial shall be of *each* material *allegation.* This requirement is met nominally and in form only, by the form of general denial approved by Mr. Pomeroy. The requirement seems to demand that the defendant should separately answer *each* material *allegation,* by a general denial either of the whole allegation, (not the whole complaint,) or by a specific denial of some selected and specific part of the allegation.

It is useless, however, to pursue this discussion : Because if the form of general denial used by the defendant is proper and sufficient, it offers a material issue, and presents a defence, full and complete in itself, of which the Justice had jurisdiction. And if, as we think, it did not comply with the Code and was insufficient in form, the plaintiff might have had it stricken out and, so far as this first defence is concerned, have demanded judgment.

If the defendant was not the tenant of the plaintiff, which was the substance of the issue intended to be offered, it was immaterial in the case before the Justice, whether the defendant owned the land or not. If he was, and had entered as the tenant of the plaintiff, or after entry, had become such tenant, he was estopped from asserting his title until he had restored the possession to the plaintiff. *Abbott* v. *Cromartie,* 72 N. C., 292.

The matter pleaded in the second defence was therefore immaterial and, whether true or not, could not affect the judgment. It did not legally put the title in controversy, as it did not offer a material issue.

If this had been the only defence, it would have been defective and insufficient, and the plaintiff would have been entitled to judgment on the pleadings.

The cases of *Calloway* v. *Hamby*, 65 N. C., 631, *Turner* v. *Lowe,* 66 N. C., 413, and *Forsythe* v. *Bullock*, 74 N. C. 135, are plainly distinguishable from the present. In those cases the defendant was technically and at law, the tenant of the plaintiff. The defence in each case was, that in equity he was not the tenant and had not entered as such, or that the landlord had equitably released to him, thus extinguishing the tenancy by his own act. In none of those cases, did the tenant, *while admitting his entry as tenant*, attempt to set up a superior title against the landlord, existing at the date of the lease or acquired from a third party subsequently, as the second defence in this case does.

In *Turner* v. *Lowe*, it is said, that the rule forbidding a tenant to dispute the title of his landlord is unimpaired.

We are of opinion that upon the answer, the Justice had jurisdiction, and of course the Superior Court had on appeal.

It will be seen that in our observations on the first defence, we have assumed for the sake of the argument, that the pleadings before a Justice must be as formal as in a Superior Court. Of course this is not strictly true, C. C. P. § 505, Rule 5. As it is evident that the defendant intended to deny the tenancy, we think he ought to be allowed to amend his first defence, if he shall move to do so, by denying separately and generally, or specifically as he may desire, each material allegation of the complaint which he intends to controvert. If he does not amend, his first defence may be stricken out, and his second defence may be held insufficient, and the plaintiff will be entitled to judgment.

The case is remanded to be proceeded in according to this opinion. Plaintiff will recover costs in this Court.

PER CURIAM.                              Judgment reversed.