ALBERT FOSTER v. THOMAS S. PENRY.

*Landlord and Tenant Act—Practice—Appeal.*

1. In a proceeding before a Justice of the Peace under the Landlord and Tenant Act (Bat. Rev. ch. 64, § 19,) where the defendant denies the alleged tenancy, it is the duty of the Justice to proceed and *try* the issue of tenancy. If it is determined in favor of the plaintiff, such judgment as he may be entitled to must be given. If it is determined in favor of the defendant, the action must be dismissed.

2. In such case, where there is an appeal to the Superior Court, the action must be tried and such judgment rendered as should have been given in the Justice's Court.

(*Forsythe* v. *Bullock*, 74 N. C. 135 ; *Heyer* v. *Beatty*, 76 N. C. 28, cited and approved.)

MOTION to dismiss an Action for want of Jurisdiction heard at Spring Term, 1877, of DAVIE Superior Court, before *Kerr, J.*

On the 9th of January, 1875, the plaintiff made oath before a Justice of the Peace, in substance, that the defendant occupied a certain piece of land as tenant of the plaintiff from the 1st of January, 1874, to the 1st of January, 1875. when his term expired ; that the estate of the plaintiff was still subsisting and that defendant refused to surrender the possession, and the plaintiff claimed $160 as rent. Upon this a warrant issued which was executed. The defendant appeared and answered, in substance, that in 1868, he owned the land described in the affidavit and by a deed absolute in form conveyed it to one Berry Foster, who afterwards assigned his interest to the plaintiff; but that at the time of such conveyance it was agreed between him and said Berry Foster, that the conveyance should be void whenever the grantor paid off a certain debt to Barbara, wife of Wiley Bailey, to which said Berry was surety, and that he is now ready to pay off said debt, and he denies that he ever occu-

pied the land as the tenant of said Berry Foster, or of the plaintiff. At a trial before the Justice on the 6th of February, 1875, it was agreed that a judgment might be given for plaintiff and that defendant might appeal in two weeks, for which time execution should be suspended. On the 24th of February, execution issued and the defendant was ejected. The defendant in due time appealed to the Superior Court, and at Spring Term, 1877, moved to dismiss the proceedings for want of jurisdiction in the Justice and for an order of restitution, which was refused by His Honor and the defendant appealed.

*Messrs. J. M. Clement* and *Shipp & Bailey,* for plaintiff.
*Messrs. Watson & Glenn* and *J. M. McCorkle,* for defendant.

RODMAN, J. (After stating the facts as above.) The question thus presented is this: A plaintiff by oath brings his case within the jurisdiction of a Justice under the Landlord and Tenant Act, (Bat. Rev. ch. 64 § 19,) and the defendant by answer denies the tenancy and alleges a title in himself. Shall the Justice proceed to inquire whether the defendant did enter as tenant of the plaintiff and whether his term has expired, or shall he *upon the answer merely*, dismiss the proceedings.

We are not aware that this precise question has been heretofore decided, although expressions bearing on it more or less directly may be found in several cases; *Forsythe* v. *Bullock*, 74 N. C. 135; *Heyer* v. *Beatty*, 76 N. C. 28. The Constitution (Art. IV § 27,) gives to Justices jurisdiction of civil actions founded on contract, wherein the sum demanded shall not exceed $200, and wherein the title to *real estate* shall not be in controversy. The Act (Bat. Rev. ch. 63 § 17,) prescribing the practice before Justices says; "If it appears *on the trial* that the title to real estate is in controversy, the Justice shall dismiss the action, &c." The words " real

11

estate " of course have the same meaning in the Constitution and in the Act. It is not always proper in construing a Constitution to give to such a term as " real estate " any strict technical meaning, but it is reasonable to give to such a term the meaning which it ordinarily bears among professional men speaking on legal subjects, provided there be nothing in the context to forbid such a meaning. It is well known that a term for years is not classed as real estate in the law books. It is called a chattel real; it does not descend to the heir but goes to the executor with the personalty. Tomlyn's Law Dict. *Real Estate.* The words "real estate" in this clause of the Constitution mean freehold estate. This definition has no immediate bearing on the question before us and we proceed now to that. We think it presents no difficulty. If the defendant entered as tenant of the plaintiff he is estopped from denying the plaintiff's title. The rule has its exceptions, but they need not be noted here. If he did not enter or occupy as tenant, the Justice has no jurisdiction. Obviously, it would be unreasonable to allow the defendant to determine the jurisdiction of the Justice; yet that is the effect if the Justice must dismiss the action on the denial of the tenancy by the defendant and his claim of a freehold title. If such an answer were required to be on oath, it would hardly ever support an indictment for perjury although it might be false. It is easy to see that the jurisdiction of Justices under the Landlord and Tenant Act would be entirely destroyed. This cannot be the proper practice; the Justice must try the issue of tenancy, and dismiss the action only when he finds it against the plaintiff. If he finds it for the plaintiff he must proceed and give such a judgment in his favor as he may be entitled to. This is evidently the practice prescribed by the Act above cited, (Bat. Rev. ch. 63 § 17): "If it *appears on the trial* that the title to real estate is in controversy, the Justice shall dismiss the action, &c." The fact of tenancy or non-tenancy must

appear *on the trial* and not merely in the answer; for the pleadings of the parties are properly not part of a trial, which can only be had after the issues have been made by the pleadings.

It is a necessary function of every Court to pass in the first instance on its own jurisdiction, and if the jurisdiction depends on a fact, it must necessarily determine the existence of the fact. Many examples might be given where it is evident that any other practice would be absurd. A case affecting an ambassador can be tried only in the Supreme Court of the United States; but if every defendant in any other Court can dismiss the action by alleging that he is an ambassador, it would appear that foreign Courts were represented in this country to an alarming extent. A Probate Judge has no jurisdiction to grant administration except on the estate of a person deceased, and in every case he tries and determines the fact of death. Pleas to the jurisdiction must be pleaded and determined before any other plea can be put in Chit. Pl. In the present case, the plea is a denial of the tenancy and the plaintiff must prove his allegation and the Justice must decide on it upon the evidence. If he finds that the defendant was a tenant he must proceed to try any other matters in issue and give such judgment as may be proper. No claim of a freehold title in the defendant can be allowed to be made. It is impertinent; for if the defendant is not a tenant, it is immaterial, as on the failure of proof that he is, the jurisdiction fails; and if he is a tenant, the plea of title cannot avail him as he is estopped to allege it.

The Judge of the Superior Court properly refused to dismiss the proceedings. He should have proceeded to try the case and to give such judgment as the Justice might and ought to have given. It is by no means admitted that the defendant could appeal from the refusal of the Judge to dismiss the action. It does not appear to have affected any

substantial right of the defendant, and appeals from interlocutory judgments are not to be favored beyond the letter of the law, as they unnecessarily and uselessly lengthen litigation.

Judgment below affirmed. Case remanded. Let this opinion be certified.

PER CURIAM.                                    Judgment affirmed.