LANE *v.* MORTON.

---

R. H. LANE v. D. W. MORTON.

*Practice--Action under Landlord and Tenant Act—Appeal from Justice's Court--Answer of Defendant.*

In an action under the Landlord and Tenant Act, begun before a Justice of the Peace, and carried by appeal to the Superior Court, it was not error in the Court to allow the defendant to file an answer claiming title in himself, and raising the question of the jurisdiction of the Justice's Court, although a motion to file such answer had been denied by the Justice.

(*Hinton* v. *Deans,* 75 N. C. 18 ; *Heyer* v. *Beatty,* 76 N. C. 28, cited and approved.)

CIVIL ACTION tried at Fall Term, 1877, of PAMLICO Superior Court, before *Eure, J.*

This action was commenced before a Justice of the Peace, under the Landlord and Tenant Act, to recover possession of real estate. The defendant claimed title in himself to the premises, and at the hearing in July, 1877, asked leave to file his answer in writing, raising the question of jurisdiction. The Justice refused the motion and gave judgment for the plaintiff. On appeal, the defendant asked leave to be allowed to file the same answer which he had offered before the Justice. His Honor allowed the motion and from that order the plaintiff appealed.

No counsel for plaintiff.
*Messrs. W. J. Clarke & Son,* for defendant.

FAIRCLOTH, J. (After stating the facts as above.) The only question is, did the Judge have the power to allow the answer to be filed. In *Hinton* v. *Deans,* 75 N. C. 18, the defendant applied to His Honor to be allowed to add the plea of the statute of limitations, and we decided that it was discretionary and not a matter of right in the defen-

dant. In *Heyer* v. *Beatty*, 76 N. C. 28, we held that the defendant ought to be allowed to amend his answer and make it what he intended it to be before the Justice, and that decision governs the present case, which involves the same question.

No error.

PER CURIAM.                    Judgment affirmed.