W. K. DAWKINS v. A. C. PATTERSON and others.

*Mortgagor and Mortgagee—Trusts.*

Mortgagor defaulted, and mortgagee under a power in the deed sold the land after due advertisment; an agent of mortgagee became the purchaser in the amount of the secured debt, and after deed to him reconveyed to mortgagee; all of which was assented to by the mortgagor under an agreement that he was to have twelve months thereafter to redeem, which he failed to do; the sale was fairly and honestly conducted; *Held,*

DAWKINS v. PATTERSON.

(1) The rule prohibiting trustees from buying at their own sales, either directly or indirectly, does not apply to the facts of this case.

(2) The effect ;of the transaction is to convert the mortgage into an absolute deed, with a legal right in the mortgagor to reacquire the land upon the terms of the agreement.

(*Brothers* v. *Brothers*, 7 Ired. Eq., 150 ; *Patton* v. *Thompson*, 2 Jones Eq., 285 ; *Froneberger* v. *Lewis*, 79 N. C., 426 ; *Elliott* v. *Poot*, 3 Jones Eq., 17 ; *McLeod* v. *Bullard*, 84 N. C., 515 and 86 N. C., 210 ; *Taylor* v. *Heggie*, 83 N. C., 244 ; *Blount* v. *Carroway*, 67 N. C., 396, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1882, of RICHMOND Superior Court, before *Shipp, J.*

The plaintiff being indebted to the defendants in the sum of $367.15 by note executed and bearing date on October 30th, 1874, and payable at twelve months, on the same day with one Randolph McDonald (whose relations to the matter are unexplained), conveyed by mortgage to the defendants the tract of land described in the complaint, with condition that the deed should be void if the note was paid at maturity, according to its tenor ; and if not, vesting in the mortgagees a power of sale for its satisfaction.

The plaintiff having made default, the defendants after due advertisement and according to the terms of the mortgage, sold the premises at public sale to William Blue, for the amount of the secured debt, and conveyed the same to him.

In bidding and buying, Blue acted as agent of the defendants, and subsequently for the same consideration reconveyed to the defendants.

The sale and purchase by Blue, as the last and highest bidder for the defendants was assented to by the plaintiff under an agreement between the defendants and himself, that he should have twelve months thereafter in which to pay the debt and redeem the land, and failing to do so, that the sale should stand and the title and estate of the defendants become and be absolute.

·The land was not redeemed, nor was any offer to redeem made, within the time limited by the agreement, and on February 5th, 1877, after the expiration of the time, the defendants under summary proceedings before a justice of the peace evicted the plaintiff and recovered possession for themselves.

The foregoing statement of facts rests upon the allegations in the complaint that are not denied, and the findings of the jury upon such as are controverted.

The case transmitted with the record presents only the additional matter that an issue as to the value of the land was tendered by the defendants, but on a suggestion from the court that it was unnecessary as evidence would be heard, as if such inquiry was put in the form of an issue, upon those that were submitted, it was withdrawn, and as understood by the court without objection from the plaintiff. Such evidence was introduced and heard by the jury, the estimates of the witnesses being that the land was worth ·in the opinion of some $400, in the opinion of others $500, and a declaration of one of the defendants was proved to ·the effect that under certain circumstances he would not ·like to take $1,000 for the property.

Upon the rendition of the verdict the plaintiff moved for judgment thereon, and being denied, and judgment rendered dismissing the action with costs, the plaintiff appealed.

*Messrs. Burwell & Walker*, for plaintiff.
*Messrs. J. D. Shaw* and *Battle & Mordecai*, for defendants.

SMITH, C. J., after stating the case. The law is well settled by a series of decisions in this state, that a trustee or mortgagee acting under a power vested in him by the deed cannot become a purchaser at his own sale, either directly or through an intervening agency, for the reason that his duties as trustee in making sale, under circumstances to

command the highest price for the property, would be in conflict with his interests as a purchaser in obtaining it for the smallest sum. This is a principle enforced in equity for the benefit of the *cestui que trust* or mortgagor, and he may affirm or avoid the sale at his election. *Brothers* v. *Brothers,* 7 Ired. Eq., 150 ; *Patton* v. *Thompson,* 2 Jones' Eq., 285 ; *Froneberger* v. *Lewis,* 79 N. C., 426, and numerous other cases.

And this reserved right to avoid the sale may be exercised by creditors who are not secured in the trust deed, but are interested in the estate conveyed as the source to which they must look for payment. *Elliott* v. *Pool,* 3 Jones' Eq., 17.

It is also decided that the relations of the mortgagee (at least with a power of disposition) to the mortgagor, are, if not the same, so similar to those subsisting between a trustee and his *cestui que trust,* as to require the application of the rule, that where the mortgagee obtains the equity of redemption or equitable estate from the mortgagor, he must show in support of the validity of the conveyance or transfer, beyond that afforded by the production of the instrument itself, the fairness of the transaction and rebut the presumption of the exercise of undue influence arising out of the relation in securing it. *McLeod* v. *Bullard,* 84 N. C., 515 ; affirmed on the rehearing; 86 N. C., 210; *Taylor* v. *Heggie,* 83 N. C., 244.

If the facts of the present case brought it within the scope of the rule, we should disregard the sale and restore the parties to the position previously occupied by them, respectively, as mortgagor and mortgagee, with the incidents inseparable from that relation.

But no estate or interest in the land was passed or acquired under the agreement as to the bidding, but only the assent of the mortgagor given to the bidding by the agent of the defendants for them, and their becoming the purchasers, if their bid was higher than the bid of others,

and was of a sum sufficient to discharge the debt; and thus dispense with the rule, which, for his protection only, prohibited them from purchasing at the sale. The consideration for the assent is a further extension of the time of redemption, and such contract though by parol is valid. *Blount* v. *Carroway*, 67 N. C., 396.

There is no suggestion in the complaint that the sale was not in all respects open and fair, or that any injury resulted to the plaintiff from the manner in which it was conducted and closed. The assent to the sale was unnecessary, for it was made pursuant to an agreement, and in the exercise of a power contained in the mortgage deed, and could have been made without the further assent then given. The only consent required was that the defendants might bid and buy, if necessary, to save their debt, and this was procured by an agreement for a right of redemption to be exercised within a year thereafter. The effect of the transaction was consequently to convert the mortgage into an absolute deed, with a legal right in the plaintiff to re-acquire the land on the terms of the substituted agreement entered into between the parties. If there were circumstances of fraud, oppression or undue advantage taken of the plaintiff, of which the record discloses none, the matters *in pais* might afford ground for the interposition of the court granting the plaintiff relief.

But his asserted equity is to have declared null the sale itself because of the bidding and purchase, however fair and honest and notwithstanding the waiver for a valid consideration, because the equitable principle governing such transactions, generally, has not been observed in this. We do not assent to the proposition, and in our view the arrangement was effectual and the plaintiff failing to take advantage of its terms cannot now find relief in this court.

We therefore uphold the ruling of His Honor and affirm the judgment.

No error.                                        Affirmed.