Q. A. HAUSER v. W. S. MORRISON.

(Filed 4 December, 1907).

1. **Ejectment—Landlord and Tenant—Equity—Mortgagor and Mortgagee—Justice of the Peace—Jurisdiction.**

Summary proceedings in ejectment given by the landlord and tenant act (Revisal, sec. 2001) are restricted to the cases expressly specified therein; and when on the trial it is made to appear that the relation existing is that of mortgagor and mortgagee, giving a right to account, or vendor and vendee, requiring an adjustment of equities, a justice's court has no jurisdiction, and the proceedings should be dismissed.

2. **Same.**

Plaintiff leased the *locus in quo* to defendant at a certain sum per week, with provision that, on default of the payments, defendant could be evicted without notice. On the same day plaintiff gave defendant a written option to purchase the property at a certain sum, less certain payments theretofore made under a former contract respecting the same land. Defendant continued to hold possession and pay upon the purchase price: *Held,* (1)

HAUSER *v.* MORRISON.

that plaintiff has accepted and recognized the relationship of vendor and vendee; (2) that, in a possessory action, equity would recognize the contract as a mortgage, requiring an account and adjustment of the dealings in reference to the land; and (3) that a justice of the peace has no jurisdiction thereof.

SUMMARY PROCEEDINGS in ejectment, tried on appeal from a justice of the peace, before *Ward, J.,* and a jury, at August Term, 1907, of the Superior Court of WILKES County.

On the issues submitted, there was a verdict for plaintiff, judgment on verdict, and defendant excepted and appealed, assigning for error that the court should have dismissed the action for want of jurisdiction in the justice to try the cause.

*Finley & Hendren* and *O. C. Dancy* for plaintiff.
*F. D. Hackett* for defendant.

HOKE, J., after stating the case: The authorities of this State have established the principle that the remedy by summary proceedings in ejectment given by the landlord and tenant act (Revisal, sec. 2001, *et seq.*), is not coextensive with the doctrine of estoppel arising where one enters and holds land under another, but is restricted to the cases expressly specified in the act, and where the relation between the parties is simply that of landlord and tenant; and when, on the trial of such a proceeding, it is made to appear that the relation existing is that of mortgagor and mortgagee, giving the right to an account, or vendor and vendee, requiring an adjustment of equities, a justice's court has no jurisdiction of such questions, and the proceeding should be dismissed. *Parker v. Allen,* 84 N. C., 466; *Hughes v. Mason,* 84 N. C., 473. In this last case *Dillard, J.,* for the Court, said: "The landlord and tenant act, in Battle's Revisal, ch. 64, p. 9, by its terms and the construction put upon it by the Court, gives the remedy of summary ejectment before a justice of the peace only in the case when the simple relation of lessor and lessee has existed and there is a holding-over after the term

has expired, either by afflux of time or by reason of some act done or omitted contrary to the stipulations of the lease. *Credle v. Gibbs,* 65 N. C., 192; *McCombs v. Wallace,* 66 N. C., 481; *Forsyth v. Bullock,* 74 N. C., 135. And it is equally well settled that the jurisdiction does not extend to the relation of mortgagor and mortgagee and vendor and vendee, in which, although the mortgagor and vendee may technically be tenants at law, they are viewed in equity as the owners of the estate, and are allowed, in order to avoid the circuity of letting judgment go and then going into equity to enjoin the execution, to set up in one action under our present system their equitable title in defense to any action which may be brought to recover the possession. *Heyer v. Beatty,* 76 N. C., 28; *Abbott v. Cromartie,* 72 N. C., 292; *Calloway v. Hamby,* 65 N. C., 631; *Turner v. Lowe,* 66 N. C., 413; *Forsyth v. Bullock, supra.*"

We are of the opinion that a proper application of the doctrine requires that the present action should be dismissed for want of jurisdiction in the justice's court. From the evidence offered on the trial, it appears that in February, 1904, plaintiff sold and conveyed to defendant a house and lot in Wilkesboro for the sum of $2,800, and took notes and mortgage, or deed of trust, to secure the purchase price, one note being for $1,000 and the second for $1,800, etc.; that defendant made some payments, but failed to comply with the contract, and on 15 September, 1905, defendant reconveyed the property to plaintiff, and on 16 September plaintiff leased the property to defendant at the price of $4 per week, with a provision that on default of any of the payments defendant could be evicted without notice. And on the same day (16 September, 1905) plaintiff gave defendant a written option for sixty days to purchase the property at $2,800, less payments already made. Defendant continued to hold the property and has remained in possession until the present time, having the interest conferred by these contracts and the conduct of the

parties under and in reference to them.    There was admission made that defendant had paid eight or nine hundred dollars on the purchase price to September, 1905, and evidence tending to show that since that date defendant had at different times paid as much as $189.50 in money and other articles of value, and had further deposited in some bank a note of one Crouch, to the amount of $1,000, the proceeds of which, when collected, were to be applied on the purchase price.    The testimony does not clearly disclose the exact nature of the arrangement between the parties as to the Crouch note, but it tends to show that plaintiff has asserted some interest and control over this note and its proceeds as applicable to his claim under the contract.    There is grave doubt, on the face of these contracts and the evidence as it now appears, if the relationship of vendor and vendee, as it was established by the original contract between the parties in February, 1904, has ever been changed or materially affected by these subsequent agreements, on the principle established by the decision of *Dawkins v. Patterson*, 87 N. C., 387; *McLeod v. Bullard*, 84 N. C., 515, affirmed on rehearing, 86 N. C., 210, to the effect that a mortgagee who purchases the equity of redemption direct from the mortgagor, in order to uphold his purchase, has the burden of showing that his purchase was entirely fair and without undue oppression.    And it will be noted in this connection that both the so-called options and many of the receipts recognized the first mortgage and the purchase notes originally given as still subsisting.    But, assuming that the parties are in a position to assert in strictness their rights as they appear under the lease and the option of date 16 September, 1905, and that under them the defendant was given an option to purchase the property, we think it clear, from the facts shown forth in evidence, and the manner in which the payments have been made and received, that defendant has exercised the privilege conferred, and has taken and now holds the position of purchaser under these contracts, and that

plaintiff has accepted and recognized this position and taken the money as if the contract relationship between them was that of vendor and vendee; and that, as such, an account and adjustment is required of their dealings in reference to this property.

There are decisions here and elsewhere to the effect that a mortgagee of property, after default, and a vendor, under an executory contract, may at times rent the property to the mortgagor or vendee in possession, as in *Crinkley v. Edgerton,* 113 N. C., 444, and that such a lease will, under certain circumstances, be upheld so far as to give the lessor the benefit of a landlord's lien as against a claim by outsiders. But these cases and the principle upon which they rest do not go to the extent of depriving the mortgagor or vendee occupying the property of his right to account and adjustment; or of conferring on a landlord under such a contract the right of summary proceedings in ejectment, which, as stated, applies only when the simple relation of landlord and tenant exists between the parties. Thus, in *Crinkley v. Edgerton,* in upholding a landlord's lien, as stated, in preference to the claim of an outsider, the Court said: "It is true that, in *Puffer v. Lucas,* 112 N. C., 377, the Court held that, as *between the parties,* if the lessor attempted, after sundry payments made, to declare them forfeited and to retake possession of the property, the Court would, in equity, in such case hold the contract a mortgage and direct an accounting and sale as on a foreclosure. And so it is here as to this land, should the landlord attempt to resume possession of it." The case of *Hamilton v. Highlands,* 144 N. C., 279, bears a strong analogy to this, and the general principles applied in that case are in accord with those we hold to be controlling here.

There was error in refusing to dismiss the action for want of jurisdiction in the justice, and the judgment is

Reversed.

CLARK, C. J., concurring in result: The amount which would be involved in stating an account in this case would necessarily place the cause beyond the jurisdiction of a justice of the peace.    It is also true that there are many cases which hold that a justice of the peace is ousted of jurisdiction, however small the amount, if an equity has to be administered.

It is, perhaps, as well to call attention in this case as in any other to the fact that these rulings were first made by the courts under the influence of decisions rendered under the former Constitution and procedure, and are not warranted under the present Constitution and procedure.    They have been reiterated only because not called in question.

The present Constitution (Art. IV, secs. 1, 2 and 27) is quite explicit.    Section 1 provides: "The distinctions between actions at law and suits in equity, and the forms of all such actions and suits, shall be abolished."    They are abolished absolutely, not only as to the Superior Courts, but for the courts of justices of the peace and clerks and all other courts, for the next section (2) enumerates the courts, to all of which, of course, section 1 applies.    There is no exception of any court from the provisions of section 1.

Section 27 confers on justices of the peace jurisdiction of all civil actions founded on contract, where the amount does not exceed $200 and wherein title to land is not involved, and authorizes the Legislature to give jurisdiction of all other civil actions where the property in controversy does not exceed $50, and this the General Assembly has done.    Revisal, sec. 1420.    The Constitution withdraws cases involving title to land, but neither the Constitution nor any statute withdraws any case, within the amount prescribed for a justice, from his jurisdiction because an equity or an equitable element arises or must be administered; and, indeed, this could not be done, for the distinction between actions at law and suits in equity is abolished.    The statute could not revive it for the court of the justice of the peace nor of the clerk.    That the courts

have attempted to revive it as to the justices of the peace and clerks, not always logically or without difficulty, is a curious instance of the persistence of the ideas prevalent under a former procedure, after that procedure and everything pertaining to it have been abolished. In the nature of things, there is no reason why a justice of the peace or a clerk, within his jurisdictional limits, should not administer rights involving equitable elements, as well as an action for the same amount in a case formerly not cognizable in a court of equity. A justice of the peace or clerk of the court cannot issue injunctions or appoint receivers, not because an equitable element arises, but because the statute does not name them as officers authorized to issue those writs. They are authorized to issue process in the ancillary remedies of arrest and bail, attachment, and claim and delivery.