HOUSING AUTHORITY OF THE CITY OF RALEIGH, PLAINTIFF v. ELLA McCLEAIN AND/OR OCCUPANTS, DEFENDANTS

No. 8810DC958

(Filed 16 May 1989)

1. **Landlord and Tenant § 1 — public housing — occupant not lessee — not a tenant**

   The trial court correctly concluded that Ms. Burton had no tenancy or property interest in a public housing unit where the unit was leased to Ms. McCleain, Ms. Burton's mother; Ms. Burton was listed as a member of the household; Ms. McCleain asked the housing manager to delete Ms. Burton's name from the members of the household; the trial court found that Ms. Burton agreed to move out of the apartment, although she denies agreeing to leave; the housing manager deleted Ms. Burton's name from the lease; Ms. McCleain moved into a nursing home; Ms. Burton again agreed to leave but did not do so; and the Housing Authority received no rent from the unit and filed this action for summary ejectment against Ms. McCleain and occupants. Ms. Burton's sole duty was to her mother and her only authorization to live in the unit was her mother's decision to put her on the list of members of the household. She was never the lessee of the unit and she was not a remaining head of the household because of her consent to have her name removed from the lease and to leave the unit.

2. **Ejectment § 2 — public housing — subject matter jurisdiction as to occupant**

   The district court had subject matter jurisdiction of a summary ejectment action brought by the Housing Authority

against its lessee and plaintiff was entitled to possession of the apartment; however, there was no jurisdiction to order summary ejectment and excess costs against an occupant who was not a tenant. N.C.G.S. § 42-26.

Judge GREENE concurring in the result.

APPEAL by defendant, Nina Ruth Burton, from *Morelock (Fred M.), Judge*. Judgment entered 8 February 1988 in District Court, WAKE County. Heard in the Court of Appeals 23 March 1989.

This case involves the right of occupancy of a housing unit managed by the Housing Authority of the city of Raleigh (RHA) and eviction procedures employed by RHA. Ella McCleain was granted a leasehold by RHA on 14 May 1985. The lease described Ms. McCleain as the head of the household and "Tenant." Ms. McCleain's daughter, Nina Burton, was listed as a member of the household. Ms. Burton lived in the unit for two and one-half years and assisted her elderly, infirm mother. She was usually unemployed but occasionally did housecleaning work.

On or about 5 October 1987, Ms. McCleain contacted Sarah Turner, Housing Manager for the city of Raleigh, and asked Ms. Turner to come to her apartment. In the presence of Ms. Burton, Ms. Turner and two of Ms. McCleain's granddaughters, Ms. McCleain stated that Ms. Burton was drinking and not taking care of her and asked Ms. Turner to delete Ms. Burton's name from the list of members of the household. The trial court found that Ms. Burton agreed to move out of the apartment but Ms. Burton denies agreeing to leave. At that meeting, Ms. Turner deleted Ms. Burton's name by marking through it on the lease and writing beside it "deleted 10-5-87." Ms. McCleain made her mark by the deletion.

Around the end of October or early November 1987, Ms. Turner learned that Ms. McCleain was planning to move to a nursing home. However, when Ms. McCleain moved, Ms. Burton remained in the apartment. At RHA's request, Ms. Burton again agreed to leave but did not do so. RHA did not receive rent for the unit from any source for November 1987, and RHA sent Ms. McCleain a written notice of termination of the lease effective 25 November 1987 for nonpayment of rent. As part of this notice, RHA advised Ms. McCleain of her rights to appeal through informal conferences or to grievance procedures established under the lease.

Upon Ms. Burton's failure to vacate the premises, RHA filed this action for summary ejectment on 2 December 1987 against Ella McCleain and/or occupants. The trial court made findings of fact and conclusions of law and entered judgment for RHA ordering Ms. Burton and Ms. McCleain to vacate the apartment and deliver possession to RHA. Ms. Burton appeals.

*Moore & Van Allen, by Thomas W. Steed, Jr., William D. Dannelly, Denise Smith Cline and Christopher J. Blake, for plaintiff-appellee.*

*East Central Community Legal Services, by Gregory C. Malhoit, Augustus S. Anderson, Jr., and William D. Rowe, for defendant-appellant.*

LEWIS, Judge.

Ms. Burton makes three basic arguments. First, she contends the trial court erred in concluding that she had no tenancy or property interest in the public housing unit. Next, she contends that even if she is not a tenant she is entitled to due process prior to eviction through the tenant grievance procedure. Finally, she contends that if she is not a tenant the trial court lacked subject matter jurisdiction to order summary ejectment. We have reviewed her arguments and conclude she did not have a tenancy interest in the public housing unit and was not entitled to the benefit of the tenant grievance procedure prior to eviction. However, we hold the trial court did not have subject matter jurisdiction under the summary ejectment statute to order Ms. Burton to vacate the housing unit; the court did have subject matter jurisdiction as to Ms. McCleain.

[1] Ms. Burton contends that as a family member listed on the lease she is a tenant of the RHA unit with certain rights under the lease and federal law. She contends that families have tenancy rights in public housing units. Ms. Burton was listed as a member of the household but she had no responsibilities to RHA. Her sole duty was to her mother and her only authorization to live in the unit was her mother's decision to put her name on the list of members of the household. Ms. Burton did not acquire hereditary or prescriptive rights to the RHA unit in which her mother was responsible as "tenant." 24 C.F.R. Section 966.53(f) (1988) defines a "tenant" as "any lessee or the remaining head of the household of any tenant family." Ms. Burton was never the lessee of the

unit. By her consent to have her name removed from the lease and to leave the unit, Ms. Burton is not a remaining head of the household either. We note that Ms. Burton argues in her brief that her tenancy interest in the apartment should not be subject to the whim of her elderly mother. However, Ms. Burton did not except to the trial court's finding that she agreed to have her name removed from the lease and to leave the unit; we will not address the sufficiency of the evidence supporting this finding. App. R. 10(a). The trial judge correctly made findings of fact and conclusions of law that Ms. Burton was not at any time a "tenant" as defined by the lease between RHA and Ms. McCleain.

If we adopt Ms. Burton's position, each time an RHA lease is seriously breached by the named tenant for nonpayment of rent or some other specified reason, RHA would have to proceed against each person in the household to regain possession. Since some occupants may be minors or unavailable, the litigation could be cumbersome and lengthy. Such a process would seriously disrupt the whole object of providing housing for those who need it and qualify for it.

Ms. Burton's second argument is that she was denied due process by RHA's failure to afford her the protections of the lease's grievance procedures. These arguments were not preserved at trial and will not be considered here for the first time. *See Management, Inc. v. Development Co.,* 46 N.C. App. 707, 266 S.E. 2d 368, *disc. rev. denied and appeal dismissed,* 301 N.C. 93, 273 S.E. 2d 299 (1980).

[2] Ms. Burton's third argument is that the trial court lacked subject matter jurisdiction. This action was brought under G.S. 42-26 which states:

Any tenant or lessee of any house or land, and the assigns under the tenant or legal representatives of such tenant or lessee, who holds over and continues in the possession of the demised premises, or any part thereof, without the permission of the landlord, and after demand made for its surrender, may be removed from such premises in the manner hereinafter prescribed in any of the following cases:

(1) When a tenant in possession of real estate holds over after his term has expired.

(2) When the tenant or lessee, or other person under him, has done or omitted any act by which, according to the stipulations of the lease, his estate has ceased.

(3) When any tenant or lessee of lands or tenements, who is in arrear for rent or has agreed to cultivate the demised premises and to pay a part of the crop to be made thereon as rent, or who has given to the lessor a lien on such crop as a security for the rent, deserts the demised premises, and leaves them unoccupied and uncultivated.

Since 1872, summary ejectment has been interpreted as "intended only to apply to a case in which the tenant entered into the possession under some contract, either actual or implied, with the supposed landlord or with some person under whom the supposed landlord claimed in privity, or when the tenant himself was in privity with some person who had so entered." *McCombs v. Wallace*, 66 N.C. 481, 482-83 (1872). As summary ejectment is "restricted to the cases . . . where the relation between the parties is simply that of landlord and tenant," *Hauser v. Morrison*, 146 N.C. 248, 249, 59 S.E. 693, 694 (1907), there is no jurisdiction to order summary ejectment against Ms. Burton, one who is not a tenant.

However, this action was commenced by RHA against its lessee, Ms. McCleain. Therefore, the district court had subject matter jurisdiction. We affirm that part of the judgment finding that RHA was entitled to terminate the lease with Ella McCleain effective 25 November 1987. RHA is entitled to possession of the apartment at 8B Hoke Street, Raleigh. We also affirm that part of the judgment concluding that Ms. Burton is not a tenant. However, that portion of the judgment assessing part of the costs to Ms. Burton and directing that she vacate the apartment pursuant to this summary ejectment action is reversed and remanded to the district court.

Affirmed in part; reversed and remanded in part.

Judge ARNOLD concurs.

Judge GREENE concurs in the result.

Judge GREENE concurring in the result.

As Ms. Burton has not properly preserved on appeal her due process arguments, I would not reach the question of whether she

was a tenant as that term is used in the public housing laws. Nonetheless, summary ejectment of Ms. Burton is not authorized as she was not a "tenant" or "lessee" or "other person under [the tenant or lessee]" as those terms are used in N.C.G.S. Sec. 42-26 (1984). Accordingly, I join with the majority in vacating that portion of the judgment directing that Nina Burton vacate the apartment and assessing costs against Nina Burton.