MARANTZ PIANO CO. v. KINCAID

[108 N.C. App. 693 (1993)]

———————

MARANTZ PIANO COMPANY, INC. v. JOE G. KINCAID AND KINCAID
ENTERPRISES, INC.

No. 9125DC1083

(Filed 19 January 1993)

Ejectment § 12 (NCI4th) — vendor-vendee relationship not terminated — magistrate without jurisdiction

Where the parties entered into an agreement whereby plaintiff was to sell and defendant was to purchase a manufacturing plant, defendant was to lease the facility for one year

with lease payments going toward the purchase price, and closing was to take place on a specified date, even assuming the failure to close the transaction on the named date was a material breach of the written agreement, plaintiff did not cancel the agreement, and the relationship of vendor and vendee continued in effect; therefore, because the parties were not in a simple landlord and tenant relationship, the magistrate's court was without jurisdiction in plaintiff's summary ejectment proceeding, and its order of summary ejectment must. be vacated.

**Am Jur 2d, Ejectment § 36.**

Appeal by defendant Kincaid Enterprises, Inc. from order entered 12 December 1989 in Burke County District Court by Judge Nancy L. Einstein. Heard in the Court of Appeals 19 November 1992.

*Byrd, Byrd, Ervin, Whisnant, McMahon & Ervin, P.A., by C. Scott Whisnant and Sam J. Ervin, IV, for plaintiff-appellee.*

*Stephen T. Daniel & Associates, P.A., by Stephen T. Daniel and M. Alan LeCroy, and Simpson Aycock Beyer & Simpson, P.A., by Samuel Aycock, for defendant-appellant Kincaid Enterprises, Inc.*

GREENE, Judge.

Defendant Kincaid Enterprises, Inc. (Kincaid, Inc.) appeals from the district court's order granting summary ejectment in favor of plaintiff Marantz Piano Company, Inc. (Marantz).

On 10 June 1988, Marantz and Joe Kincaid entered into a Lease With Offer to Purchase and Contract (hereinafter "the written agreement"). The written agreement provided that Marantz agreed to sell and Joe Kincaid agreed to buy a manufacturing plant located in Burke County. The closing would take place on 10 June 1989, and in the event closing did not take place on that date, Marantz had the right to sue for specific performance of the contract or to re-enter the premises. Joe Kincaid would rent the plant for one year prior to closing, with rental payments of $45,000.00 for the first two months and $10,000.00 for each of the ten months thereafter. The $145,000.00 in rental payments would be applied to the purchase price of $1,100,000.00. Sixty days prior to closing Joe Kincaid would escrow $50,000.00 to be applied to

the purchase price. If closing did not occur by 10 June 1989, this amount would be forfeited as liquidated damages.

On 11 October 1988, Joe Kincaid and his brother formed Kincaid, Inc. for the purpose of producing furniture at the plant. From August, 1988, until 10 June 1989, the rental payments were paid and the $50,000.00 was timely placed in escrow. The majority of the rental payments and the escrow payment were made by Kincaid, Inc. At the time the money was placed in escrow, Joe Kincaid's brother informed Marantz's real estate agent that Kincaid, Inc. had applied for a Farmers Home Guaranteed Loan, and that additional time would be needed for closing. Although the parties disagree as to whether an agreement was reached to extend the date of closing and to forego the forfeiture of the $50,000.00 as liquidated damages if the closing did not take place on 10 June 1989, the trial court found as a fact that there were no such agreements. Kincaid, Inc. subsequently obtained a commitment for financing from Farmers Home, subject to an environmental assessment. The assessment revealed that the plant is listed by the State of North Carolina and the Environmental Protection Agency as a hazardous waste site.

On 24 May 1989, Joe Kincaid executed an assignment of the written agreement to Kincaid, Inc. When closing did not take place on 10 June 1989, Marantz instructed Kincaid, Inc. to vacate the plant, which Kincaid, Inc. refused to do. Marantz then commenced, on 21 August 1989, an action in magistrate's court seeking to have Kincaid, Inc. summarily ejected from the premises. The magistrate's court granted summary ejectment for Marantz, and Kincaid, Inc. appealed to district court. The district court, sitting without a jury, made findings of fact, conclusions of law, and entered judgment ordering that Kincaid, Inc. be ejected from the premises.

In relevant part the trial court concluded that Kincaid, Inc.'s

failure to close on or before June 10, 1989, constituted a breach of the written agreement; [and that] following that breach, [Kincaid, Inc.] had no additional right to remain in possession of the plant which it did not have prior to June 10, 1989. The only right which [Kincaid, Inc.] had to occupy [Marantz]'s facility prior to June 10, 1989, arose under the lease portions of the written agreement; after June 10, 1989, [Kincaid, Inc.] occupied the status of a tenant holding over after the expira-

tion of a lease term. As a result, [Marantz] and [Kincaid, Inc.] were in a "pure" landlord/tenant relationship after June 10, 1989.

---

The dispositive issue is whether Marantz effectively cancelled its contract with Kincaid, Inc., thereby terminating the relationship of vendor and vendee that existed under the contract.

Summary ejectment proceedings are purely statutory, and jurisdiction of the magistrate's court to hear such cases is limited to situations where only a simple landlord and tenant relationship exists between the parties. *Hauser v. Morrison*, 146 N.C. 248, 248-50, 59 S.E. 693, 694-95 (1907). The summary ejectment remedy is not available where the relationship between the parties is that of vendor and vendee. *Id.* If the agreement establishes a landlord and tenant relationship and additionally provides for a later purchase of the leased premises by the tenant, the relationship is one of vendor and vendee, for the purpose of summary ejectment. *Id.* Nonetheless, if the vendee breaches a *material* provision of the contract to lease/purchase, the vendor, as the aggrieved party, may cancel the contract. *See* John D. Calamari and Joseph M. Perillo, *The Law of Contracts* § 11-18, at 458 (3d ed. 1987). If the contract is properly cancelled, it is annulled from the beginning and the parties are restored to their respective positions as they existed prior to the contract. 12 Samuel Williston, *A Treatise on the Law of Contracts* § 1469 (Walter H.E. Jaeger ed., 3d ed. 1970) [hereinafter *12 Williston on Contracts*]. If the vendee, after cancellation, continues in possession of the property, he is regarded as a tenant at sufferance, *see* 49 Am. Jur. 2d *Landlord and Tenant* § 81 (1970), and is properly subject to ejectment under N.C.G.S. § 42-26 (1984). In order to cancel the contract there must be, within a reasonable time after knowledge of the material breach, an election by the aggrieved party to cancel. *12 Williston on Contracts*. " 'Within reasonable time, too, knowledge of, from unmistakable act or notice manifesting, such election must be conveyed [to the breaching party] . . . and the [aggrieved party] must restore, or offer to restore, the status quo. . . .' " *Id.* (quoting *Butler Mfg. Co. v. Elliott & Cox*, 211 Iowa 1068, 233 N.W. 669 (1930) ).

In this case, there is no evidence in the record that Marantz gave any notice to Kincaid, Inc. of its intent to cancel the written agreement. Marantz did request on three different occasions after the breach that Kincaid, Inc. vacate the premises. This request,

however, was a right granted Marantz in the written agreement, which gave Marantz the right to re-enter the property if Kincaid, Inc. breached any of the terms of the written agreement, and was not therefore an unmistakable manifestation of intent to cancel the written agreement. Accordingly, even assuming the failure to close the transaction on 10 June 1989 was a material breach of the written agreement, Marantz has not cancelled the agreement and the relationship of vendor and vendee continues in effect. Therefore, because the parties were not in a simple landlord and tenant relationship, the trial court was without jurisdiction and the order of summary ejectment must be vacated.

Vacated.

Judges COZORT and WALKER concur.

Judge WALKER concurred in this opinion prior to 8 January 1993.