J. C. ABBOTT and F. W. FOSTER *v.* A. K. CROMARTIE.

A defendant, entitled to a homestead in certain lands, which have been sold under an execution against him, is not estopped from claiming his homestead, by accepting a lease for the same land from the purchaser at execution sale.

This right to a homestead is no defense however by the tenant to an action to recover the premises brought by the landlord. The tenant must wait until his term expires, before asserting his claim to the homestead.

(*Wade* v. *Saunders*, 70 N. C. Rep. 277; *Calloway* v. *Hanby*, 65 N. C. Rep. 631: *Turner* v. *Lowe*, 65 N. C. Rep. 413, cited; distinguished from this, and approved.)

CIVIL ACTION, in the nature of Ejectment, tried before *Russell, J.*, at Spring Term, 1874, BLADEN Superior Court.

On the 24th October, 1868, judgment was rendered against the defendant in favor of Smith & Straus, and execution issued thereon to the sheriff of Bladen county.

In pursuance of this execution the land in controversy was sold, one Patrick L. Cromartie becoming the purchaser.

The defendant took from said Cromartie a lease of said land for three years.

While the lease was subsisting P. L. Cromartie sold the land to one J. E. Eldridge, who conveyed it to the plaintiffs. The lease having expired, this action was brought to recover the land.

The defendant claimed the land as his homestead.   After

the sale of the land by the sheriff and after the expiration of the lease, he had his homestead laid off and set apart.

The only issue submitted to the jury was "whether the defendant waived his right to the homestead in the land, at the time of the levy and sale." The jury found the issue in the affirmative.

His Honor being of the opinion that the plaintiffs were not entitled to recover, gave judgment in favor of the defendant, whereupon the plaintiffs appealed.

*R. H. & C. C. Lyon* and *W. McL. McKay*, for appellants. *W. S. & D. J. Devane* and *Smith & Strong*, contra.

BYNUM, J.  The plaintiffs do not deny that at the time of the execution sale, the defendant was entitled to a homestead in the land sold. It is an estate confirmed by the Constitution, Art. 10, sec. 2, and is not the subject of levy and sale under execution. The sheriff's deed therefore could pass to the purchaser only what he had the right to sell, *i. e.* the land, subject to the homestead estate. This much is clear. But it is alleged and not denied, that the defendant in the execution, who is also the defendant in this action, after the sale, accepted from the purchaser a lease for three years, and continued in possession under that lease until it expired. That he then continued in possession of part of the premises which he had had assigned to himself as a homestead, after the execution sale and the lease.

This acceptance of a lease from the purchaser it is contended established the relation of a landlord and tenant between the plaintiffs and defendant, and that the defendant is estopped from setting up a title to the land, adverse to that of the plaintiffs. To this the defendant answers, that if the execution, sale and deed did not have the effect of passing the title to the homestead, the acceptance of a lease afterwards could not have had that effect, for that an estate or interest in lands cannot be passed without a deed or writing, so that the

title of the defendant was the same after, as before, the lease, the only effect of which was to estop him from denying the title of the purchaser, during the continuance of the lease. The plaintiffs reply to this, that the principles of estoppel extend farther and do not permit the defendant to set up title until he has surrendered the possession and put the landlord in the same plight and condition he occupied prior to the lease, and that even then he could not assert title, because he had in this case waived his right of homestead, and so lost it absolutely. The defendant answers the plaintiffs by denying:

1st. That his acts constituted a waiver of his homestead ; and

2d. That the law will compel him to surrender his possession, when he has the title and his lease has expired.

We hold with the defendant, that the acceptance of a lease, the only act alleged as constituting a waiver of the homestead, does not have that effect. The defendant owned the the legal estate in the land, and the Constitution confers no new estate upon him, but only confirms an existing one, to the the extent therein expressed, and restricts his powers of alienation and to charge it with his debts. Having, then, the estate in the land exempt from execution, he can part with it only by the formalities prescribed by law. It is true we have the legal maxim, *quilibet potest renunciare juri pro se introducto,* under which a party may renounce valuable rights and advantages, but it can have no application where an express statute enjoins a compliance with the forms it prescribes. For instance, a testator cannot dispense with the formalities which are essential to the validity of a testamentary instrument, as prescribed by statute ; so a grantor cannot dispense with the forms of conveyance of an estate or interest in lands, prescribed by the statute of frauds. The defendant then has not parted with his homestead by accepting a lease. But on the other hand, we hold with the plaintiff that the defendant has shown no defence to this action. No proof of title is required when the action is brought by a landlord, since if a tenant has once recognized the title of the plaintiff, and treated him as

his landlord by accepting a lease from him, he is precluded from showing that the plaintiff had no title at the time the lease was granted ; for it is a general rule founded on reasons of public policy, that a tenant shall never be permitted to controvert his landlord's title, or to set up against him, during the tenancy, one which is hostile in its character, to that which he acknowledged in accepting the demise. The possession of the tenant is the possession of the landlord, and so long as the possession subsists, so long does the relation of the landlord and tenant exist. To that extent all the authorities. Taylor's Landlord and Tenant, 515 and notes. It follows that this relation and the rights growing out of it can be destroyed only by surrendering the possession to the landlord, as it existed prior to the lease. When that is done and not before, the defendant is at arms length and can assert his title by action or otherwise. *Wade* v. *Saunders*, 70 N. C. Rep., 277.

In *Calloway* v. *Hamby*, 65 N. C. Rep., 631, and in *Turner* v. *Lowe*, 66 N. C. Rep., 413, it is held that the tenant, though he cannot dispute his landlord's title, is not precluded from showing an equitable title in himself, or any matter making it inequitable to deprive him of the possession, but these cases are put upon the ground that the relation of the landlord towards the tenant was that of trustee, and these cases have no application here.

PER CURIAM. Judgment accordingly.