## A. H. DAVIS v. NELSON DAVIS.

*Landlord and Tenant—Estoppel—Summary Ejectment—Parties—Intervention.*

1. One who gains possession of land as the property of another cannot resist an action for the recovery, brought after the termination of the lease, by showing a superior title in a third person or in himself acquired before or after the contract. He must surrender possession to his lessor before he will be allowed to controvert his title.

2. This rule, which estops the tenant from contesting his lessor's title, precludes all controversy as to the *title* to the land demised (save in some exceptional cases involving equitable elements) and supports the jurisdiction of justices of the peace over summary proceedings in ejectment.

3. The question of title which arrests further proceedings before the justice is between the original parties to the action, and jurisdiction once acquired cannot be divested by the intervention of a stranger to the suit, asserting a paramount title in himself.

(*Smart* v. *Smith*, 2 Dev., 258 ; *Callender* v. *Sherman*, 5 Ired., 711 ; *Heyer* v. *Beatty*, 76 N. C., 292 ; *Abbott* v. *Cromartie*, 72 N. C., 292 ; *Turner* v. *Lowe*, 66 N. C., 413 ; *Forsythe* v. *Bullock*, 74 N. C., 135 ; *Foster* v. *Penry*, 77 N. C., 160 ; *Rollins* v. *Rollins*, 76 N. C., 264 ; *Lytle* v. *Burgin*, 82 N. C., 301 ; *Rollins* v. *Henry*, 76 N. C., 269, cited and approved.)

SUMMARY PROCEEDING in Ejectment, instituted before a justice of the peace, and tried on appeal at Spring Term, 1880, of HALIFAX Superior Court, before *Gudger, J.*

The plaintiff claimed to have leased the land in question to the defendant on the first of January, 1879, for a term ending on the 31st of December of that year, and alleged that defendant had refused to surrender possession after the expiration of said term. The plaintiff testified on cross-examination that one Edwin Schenck, of Baltimore, held a title to the land, but that he (plaintiff) had a written agreement of Schenck to hold the title as security for about thir-

ty-two hundred dollars due him by the plaintiff. The defendant introduced one Hardie as a witness, who testified that he was the agent of Schenck, and as such, in January, 1880, he demanded possession of the plaintiff, and plaintiff thereupon surrendered the same; that he (witness) then leased the land to defendant for the year 1880, and defendant was holding possession as tenant of Schenck. The plaintiff denied that he surrendered possession to Hardie. The following are the issues submitted to the jury, and their findings thereon:

1. Did plaintiff rent the land to defendant for the year 1879? Answer: Yes.

2. Does defendant hold over after the expiration of his term and after being ordered to quit? Answer: Yes.

3. Is Hardie the agent of Edwin Schenck, the mortgagee of the land? Answer: Yes.

4. Did Hardie, as such agent, rent the land to the defendant for the year 1880? Answer: No.

After the return of the verdict, and before judgment was rendered, the defendant produced in court a paper writing, signed by Hardie as agent of Schenck, authorizing defendant to hold possession of the land for the year 1880, as tenant of Schenck, and directing him to pay the rent to Schenck. And thereupon the defendant moved the court for judgment against the plaintiff, dismissing the proceedings, which motion was refused. Judgment rendered in favor of the plaintiff, and the defendant appealed.

The plaintiff was not represented in this court.
*Messrs. Gilliam & Gatling*, for defendant.

SMITH, C. J. The defendant entered into possession of the land under a contract of lease from the plaintiff for the year 1879, and refuses to surrender at the expiration of his term. No defence is set up by the defendant, but the recovery is

resisted by one Edwin Schenck, a stranger to the action, on the allegation contained in the affidavit of his agent, that he is the legal owner of the land, and has himself leased it to the defendant for the present year, and seeks to protect his occupancy from disturbance. The jury negative this claim and say no such contract was entered into. After verdict, the defendant introduced a written authority from said agent to him to remain in possession, and moved that the action be dismissed. This was refused, and judgment entered for the plaintiff, and thereon by appeal the case comes to this court.

It is well settled doctrine that one who, as tenant, gains possession of the land of another, cannot resist an action for its recovery, brought after the termination of the lease, by showing a superior title in another or in himself, acquired before or after the contract. The obligation to surrender becomes absolute and indispensable. "Honesty forbids," says Ruffin, C. J., "that he should obtain possession with that view, or after getting it, thus use it." *Smart* v. *Smith*, 2 Dev., 258. "Neither the tenant nor any one claiming under him," remarks Daniel, J., "can controvert the landlord's title. He cannot put another person in possession, but must deliver up the premises to his own landlord." *Callender* v. *Sherman*, 5 Ired., 711.

"If he entered as tenant, or after entry had become such," is the language of Rodman, J., "he was estopped from asserting his title, until he had restored the possession to the plaintiff." *Heyer* v. *Beatty*, 76 N. C., 292. Even a homestead right cannot be asserted in opposition to the recovery. *Abbott* v. *Cromartie*, 72 N. C., 292.

The rule does not preclude the tenant from showing an equitable title in himself on such circumstances as under our former system would call for the interposition of a court of equity for his relief, and which relief may now be obtained in the action, as is held in *Turner* v. *Lowe*, 66 N. C.,

413. Yet the force of the general proposition remains unimpaired, that where the simple relation of lessor and lessee exists without other complications, the latter cannot contest the title of the former. *Forsythe* v. *Bullock*, 74 N. C., 135.

The obligation to restore a possession thus obtained, before any enquiry into the title is permitted, although springing from the contract, rests upon the foundation of good faith and honest dealing among men.

The jurisdiction conferred upon justices of the peace to afford the summary remedy asked by the plaintiff, is confined to cases in which "the title to real estate shall not be in controversy," and hence by virtue of the estoppel embraces the demised premises of a tenant holding over. When such controversy does arise, the jurisdiction ceases, and this fact must be therefore preliminarily determined. Bat. Rev., ch. 63, § 17. *Foster* v. *Penry*, 77 N. C., 160.

The question of title which arrests further proceedings before the justice is between the parties to the action and a jurisdiction once acquired cannot, upon a reasonable construction of the law, be divested by the intervention of a stranger asserting a superior title in himself, the only effect of which would be to put an end to the action and defeat the statutory remedy altogether. This would seem to be conclusive against the right to intervene, except in aid of and to defend the tenant's possession, under the rules of practice applicable in such cases.

While an interpleader is allowed to come in and assert his claim to property in dispute in the superior court, as was done in *Rollins* v. *Rollins*, 76 N. C., 264, and more recently in *Lytle* v. *Burgin*, 82 N. C., 301, and it is said this may be done in *Rollins* v. *Henry*, 76 N. C., 269, a case removed by appeal from a justice's court, the learned and accurate judge who delivers the opinion seems not to have directed his attention to the difference in this respect between an original and an appellate jurisdiction, and to the conse-

quences of allowing the collateral enquiry in the latter. It is obvious that if an issue involving the title to land can be superadded to the pending controversy, in the exercise of appellate jurisdiction, there would be constituted in a court, where jurisdiction is derivative and dependent on the appeal, a case of which the court of original and primary jurisdiction would not have had cognizance. Still less can an intervention be sustained in the proceeding before the justice, as proposed in the present case, to protect the occupancy of an estopped tenant by the dismissal of the action. The tenant cannot thus avail himself of the proffered service of one not his landlord as the jury declare.

The plain and simple rule to which we must adhere, is to compel the restoration of possession to him from whom it was obtained, and then leave all the parties exposed to the just claims of each, and of others against either or both. There is no error and the judgment is affirmed.

No error. Affirmed.