W. J. McDONALD et al v. MRS. G. H. INGRAM.

(Decided March 28, 1899).

*Landlord and Tenant— Summary Ejectment—Justice's Jurisdiction.*

1. The jurisdiction of a Justice of the Peace in actions for possession of land is statutory, and is limited to landlord and tenant; where title, legal or equitable, is involved, the jurisdiction is ousted.

2. The mere plea of ownershp will not oust the jurisdiction; the trial will proceed until it is apparent from the evidence that the question of title is involved.

3. The only question in this proceeding for trial is: Was the defendant the tenant of plaintiff, and does she hold over after the expiration of the tenancy?

4. A mere offer to sell back at cost—one-third cash and balance on time, not accepted—does not constitute an equitable relation between the parties.

SUMMARY PROCEEDING in ejectment, taken on appeal from the Justice's Court of CUMBERLAND County, and tried before *Allen, J.,* at March Term, 1898.

The plaintiff claimed that defendant was his tenant, had paid him rent, that her tenancy had expired and she was holding over. The defendant admitted possession, denied the tenancy, and claimed that she was the equitable owner of the property.

The only issue submitted to the jury was: "Is the plaintiff entitled to the possession of the premises described?" which issue his Honor instructed the jury to answer, No.

Plaintiff excepted. Verdict and judgment for defendant. Appeal by plaintiff.

The evidence and contentions of the parties are stated in the opinion.

*Messrs. N. A. Sinclair* and *N. W. Ray,* for plaintiff (appellant).

*Mr. R. P. Buxton,* for defendant.

Furches, J. This is a summary proceeding in ejectment commenced in the Court of a Justice of the Peace.

Plaintiff claims that defendant was his tenant, having rented the property from him for which she paid him rent for about 14 months; that such tenancy had expired, but that defendant continued to hold possession, and refused to vacate the property.

Defendant admitted possession, denied the tenancy, and alleged that she was the equitable owner of the house and lot in controversy.

From the evidence, it seems that the defendant had once been the owner of the property, but that she had sold and conveyed it to the plaintiff. Plaintiff testified that after he became the owner of the property, he rented it to defendant at $8 per month, which was afterwards reduced to $7 per month; that defendant continued to occupy the property and to pay rent therefor at the agreed rate for about 14 months, when she ceased to pay rent and refused to surrender the possession. The defendant admitted the payment of the money but denied that it was paid as rent, and alleged that plaintiff had agreed to let her have the property back, and that the payments were made under that contract, and not as rent.

The defendant offered evidence which she claims tended to show the truth of her contentions, and his Honor, being of the opinion that the title to the lot was involved, dismissed the action for want of jurisdiction.

The jurisdiction of a Justice of the Peace in actions for possession is entirely statutory, and is limited to landlords

124—18

and tenants. If title is involved, he can not proceed with the trial for want of jurisdiction. But the plea of ownership by the defendant will not oust the jurisdiction of the Court; but it will proceed with the trial until it is made to appear from the evidence that the question of title is involved. The only question the Court can try under the statute in this proceeding is: "Was the defendant the tenant of plaintiff, and does she hold over after the expiration of the tenancy?"

It seems that Justices of the Peace, as between landlords and tenants have concurrent jurisdiction with the Superior Courts. And as Justices of the Peace have no jurisdiction to declare or to enforce equity, that in such cases, as they have Justice's jurisdiction, they stand very much as they would have stood in actions of ejectment at law before the joinder of jurisdictions of law and equity in the same Court. And if we were to give the statute and the proceedings thereunder this interpretation, it would seem that to oust the jurisdiction, the title so pleaded by the defendant should arise after the tenancy alleged by plaintiff had commenced. This view seems to be sustained as to *legal* titles, but not as to *equitable* titles, in *Davis v. Davis,* 83 N. C., 71 and *Parker v. Allen,* 84 N. C., 466.

Why there should be a difference between legal and equitable titles (if there is) does not plainly appear. But it is held in *Parker v. Allen, supra,* that if there is evidence tending to establish an equitable title in the defendant, and the Court finds from such evidence this contention in favor of the defendant, and dismisses the action for want of jurisdiction, his action is final, as this Court has no right to review the Court below upon findings of fact. But if there is no evidence to support the findings of the Court below, it then becomes a question of law, and this Court has the right to review and reverse the judgment appealed from.

This is the case we now have under consideration. There is no claim that defendant has a legal title to the property. There is nothing to show a parol trust, as plaintiff holds title under a deed from defendant, without any claim that it has any conditions, limitations or defeasance. The only claim the defendant makes, or offers evidence to support, is that the plaintiff promised to sell the property back to her, which, if true, would be insufficient to give the defendant any equitable estate or title to the lot, unless it was reduced to writing and signed by the plaintiff or some one authorized to sign it for him. But the evidence introduced utterly fails to show that there was ever any contract on the part of plaintiff to sell her back this property. It plainly appears that he offered to sell it back to the defendant for what it had cost him— one-third cash and balance on time. But she did not accept this offer. And while it does not affect the matter before us, we must say that there is nothing in the case that has any tendency to show but what the plaintiff has acted fairly and honorably with the defendant in this whole transaction.

As there is no evidence tending to establish an equitable title in defendant, there was error in dismissing the action. And there must be a new trial, when the matter will be submitted to a jury upon proper issues as to whether the defendant is or was, when this action commenced, the tenant of the plaintiff, and whether that tenancy had terminated.

New trial.