H. L. LAWRENCE AND WIFE v. B. F. ELLER AND WIFE.

(Filed 19 May, 1915.)

**1. Landlord and Tenant—Tenant's Possession—Action of Title.**

Where one has entered into possession of lands as tenant of another under an agreement of lease he may not maintain an action involving title, while in possession of the premises, against his lessor during the continuance of the lease, without first having surrendered the possession which he has acquired under the terms of his agreement.

**2. Same—Exceptions—Deeds and Conveyances—Estoppel.**

The restricted instances making exception to the general rule that a tenant may not sue for title of the leased premises which he has acquired under his contract of lease apply to cases where, after the renting, the title to the landlord has terminated or has been transferred either to a third person or the tenant himself; and in courts administering principles of equity the estoppel is not recognized when the tenant has been misled into recognition of his lessor's title by mistake or fraud, and under circumstances which would induce a court of equity to hold the landlord a trustee for the tenant, or other exceptions of a restrictive nature which do not apply to the consideration of this case.

**3. Landlord and Tenant—Tenant's Possession—Action of Title.**

If the principles of estoppel of a tenant in possession under and during the continuance of his lease do not apply to his action involving the issue of title alone, *semble* the exception to the general rule does extend to those instances where the possession and the rights growing out of or incident to it are presented or in any way affected.

**4. Landlord and Tenant—Tenant's Possession—Action of Title—Cloud on Title—Gravamen of Action—Incidental Matters.**

In this action by the tenant in possession of lands under his lease against his landlord under claim of acquisition of a superior title it is *Held*, that the gravamen of the action is to have the plaintiff declared the true owner, and that the plaintiff's demand to have defendant's deed removed as a cloud upon his title is only an incident and evidential, and does not affect the matter.

APPEAL by plaintiff from *Webb, J.*, at Spring Term, 1914, of AVERY.

Civil action to establish ownership and right of possession of a certain tract of land lying in Avery County.

It was admitted in the pleadings that defendants, B. F. Eller and wife, or B. F. Eller, as agent of his wife, had rented the tract of land in controversy to plaintiff for the year 1912 at the contract price of $25; that the lessee had entered into possession and occupation of the property under and by virtue of the contract and had continued such possession since that time; that in December, 1912, plaintiff had acquired a deed for the property from W. P. Eaton and wife, the original owners, and in January, 1913, had instituted the present action against the lessors, claiming to be the true owners under said deed and without having surrendered or made any offer to surrender possession acquired by them under and by virtue of the lease.

It was further alleged in the pleadings that W. P. Eaton and wife had previously, in 1906, contracted to sell the property to one D. C. Eller, who had entered under the contract of purchase, and, after committing much spoil and injury to the property, had abandoned his contract to the original owners, and plaintiff had then acquired the title by purchase and deed, and were the true owners of the property.

Plaintiff further alleged that defendants, by some fraudulent arrangement or contrivance with D. C. Eller, had obtained possession of the property, to which they had no right whatever, and while holding under such claim had made the lease under which plaintiff entered.

They alleged further, that while defendant occupied the property under their pretended claim, they had procured a deed to be made them by the sheriff of Watauga County, purporting to convey to them the right of D. C. Eller in the property, and that this was their only claim of title; and plaintiffs thereupon demand judgment that B. F. Eller and wife be declared the tenants of plaintiff, and that this pretended deed of the sheriff be declared fraudulent and void as constituting a cloud on their title.

Defendants answer, denying the allegations in impeachment of their title, and setting forth, also, that D. C. Eller bought the land originally from Eaton and wife for $1,200 to $1,300, and took a bond for title to convey same, which was duly registered in Watauga County, where the land was then situated; that some money was paid down and notes executed for the remainder, towit, two notes for $425 each and one for $200; that D. C. Eller paid the $200 note and one of the notes for $425, and, afterwards, in 1908, defendants bought the land from D. C. Eller, paying in full for his interest, and afterwards acquired the other note for $425 by purchasing the same for full value from persons to whom it had been assigned by Eaton and wife; that defendant neglected to take a written assignment from D. C. Eller for his interest in the property, but, being a man of no education, he was misled and deceived in reference thereto by D. C. Eller, but that present defendants had acquired the title to said land or the right thereto in the manner specified, and, being in possession, claiming as owners under their purchase, as stated, they had rented to plaintiff for 1912, and plaintiff, being fully aware of all the facts and that the land had been fully paid for, had entered into a pretended agreement with Eaton and wife to purchase the land and taken a deed therefor, to be paid for in case recovery could be had against these defendants, and ask judgment that defendants be declared the owners of the property and that the money paid therefor be declared a lien thereon, etc., and for general relief.

The court having intimated an opinion that plaintiffs could not maintain the present action unless and until possession had been restored to

defendants, in deference to such intimation plaintiffs submitted to a nonsuit and appealed.

T. A. Love, J. W. Ragland for plaintiff.
L. D. Love for defendants.

HOKE, J., after stating the case: It is recognized as the general rule that a tenant is not allowed to controvert the title of his landlord or set up rights adverse to such title without having first surrendered the possession acquired under and by virtue of the agreement between them.

The position does not usually obtain where, after the renting, the title of the landlord has terminated or has been transferred either to a third person or the tenant himself, for, under the doctrine as it now prevails, the loyalty required is to the title, not to the person of the landlord, and in courts administering principles of equity the estoppel is not recognized when the tenant has been misled into a recognition of his lessor's title by mistake or fraud and under circumstances which would induce a court of equity to hold the landlord a trustee for the tenant, and there are other exceptions of a restricted nature.

The general rule, however, is as stated, and, while varying at times in its application, has been everywhere recognized as sound in principle and has always been very rigidly enforced in this jurisdiction. *Campbell v. Everhardt,* 139 N. C., pp. 502-514; *Pool v. Lamb,* 128 N. C., p. 1; *Springs v. Schenck,* 99 N. C., 552; *Davis v. Davis,* 83 N. C., 71; *Farmer v. Pickens,* same volume, 550; *Wilson v. James,* 79 N. C., 349; *Abbott & Foster v. Cromartie,* 72 N. C., 292; *Callendar v. Sherman,* 27 N. C., 711; *Town v. Butterfield,* 97 Mass., 105; *Brown v. Keller,* 32 Ill., 157; *Davis v. Williams,* 130 Ala., 530; *Rodgers v. Boynton,* 57 Ala., 501; *Ward v. Ryan,* J. R., vol. 10, 76-77, p. 17; *Peyton v. Stith,* 5 Peters, 485; 2 McAdam Landlord and Tenant, sec. 421; 18 A. and E. (2 ed.), p. 414; 24 Cyc., 946.

In *Davis's case, supra, Chief Justice Smith* said: "It is well settled doctrine that one who, as tenant, gains possession of the land of another cannot resist an action for its recovery, brought after the termination of the lease, by showing a superior title in another or in himself, acquired before or after the contract. The obligation to surrender becomes absolute and indispensable. 'Honesty forbids,' says *Ruffin, C. J.,* 'that he should obtain possession with that view, or, after getting it, thus use it.' *Smart v. Smith,* 2 Dev., 258. 'Neither tenant nor any one claiming under him,' remarks *Daniel, J.,* 'can controvert the landlord's title. He cannot put another person in possession, but must deliver up the premises to his own landlord.' *Callendar v. Sherman,* 5 Ired., 711. 'If he entered as tenant, or, after entry, had become such,' is the language of *Rodman, J.,* 'he was estopped from asserting his title until he had re-

stored the possession to the plaintiff.' *Heyer v. Beatty,* 76 N. C., 292. Even a homestead right cannot be asserted in opposition to the recovery. *Abbott v. Cromartie,* 72 N. C., 292. The rule does not preclude the tenant from showing an equitable title in himself on such circumstances as under our former system would call for the interposition of a court of equity for his relief, and which relief may now be obtained in the action, as is held in *Turner v. Lowe,* 66 N. C., 413. Yet the force of the general proposition remains unimpaired, that where the simple relation of lessor or lessee exists without other complications, the latter cannot contest the title of the former. *Forsythe v. Bullock,* 74 N. C., 135. The obligation to restore a possession thus obtained, before any inquiry into the title is permitted, although springing from the contract, rests upon the foundation of good faith and honest dealing among men."

In *Farmer v. Pickens,* same volume, *Dillard, J.,* tersely states the position: "It is settled that a person accepting a lease from another is estopped during the continuance of the lease, and afterwards, until he surrenders the possession to the landlord, to dispute his title, being a rule founded on a principle of honesty which does not allow possession to be retained in violation of that faith on which it was obtained or continued."

In *Springs v. Schenck, supra,* the Court held: "A tenant cannot be heard to deny the title of his landlord, nor can he rid himself of this relation, without a complete surrender of the possession of the land."

In *Towne's case, supra:* "A tenant at will is estopped from denying his landlord's title without surrender of the leased premises or eviction by title paramount or its equivalent."

In *Brown v. Keller:* "A tenant must surrender the premises before asserting rights adverse to his landlord which he acquired after renting the premises."

And in *Davis v. Williams:*

"2. A tenant is estopped to dispute the title of his landlord, unless his landlord's title has expired or been extinguished, either by operation of law or his own act, after the creation of the tenancy (p. 58).

"3. It is only where there is a change in the condition of the landlord's title for the worse, after a tenant enters into his contract, in the absence of fraud or mistake of fact, that he is permitted to show the change in the condition of the title (p. 58).

"4. A tenant must first surrender the premises to his landlord before assuming an attitude of hostility to the title or claim of title of the latter (p. 58).

"5. An estoppel will be enforced in a court of equity as well as in a court of law (p. 59)."

A correct application of the principle declared and upheld in these

cases are in full support of his Honor's ruling, it appearing, from a perusal of the pleadings, that, without any change having taken place in the title of the lessor since the renting, the plaintiff, after having become defendant's tenant, and during his tenancy, has undertaken to acquire what he considers a superior title to that of his landlord, and, while maintaining the possession acquired under and by virtue of his lease and without surrender, he institutes the present action to have himself declared the true owner, and that defendants are in fact and truth his tenants.

It has been said that the estoppel referred to does not prevail in actions involving an issue as to title, but if such a limitation on the general rule prevails in this jurisdiction, it applies only to actions involving strictly the issue as to title, and does not extend to those where the possession and the right growing out of or incident to it are presented or in any way affected. *Peyton v. Stith,* 5 Peters, 485; Bigelow on Estoppel (6 Ed.), p. 585; 18 A. and E. (2 Ed.), p. 419.

While the action seeks also to have a deed, referred to in the pleadings, declared to be a cloud on plaintiff's title, this is only an incident and evidential. The gravamen of the action is to have plaintiff declared the true owner and that defendants are his tenants, and, under the authorities cited, such an action cannot be maintained by plaintiff unless and until he first surrenders the possession to the person from whom he rented.

There is no error, and the judgment of his Honor is

Affirmed.