S. M. HOBBY v. MRS. PATTIE D. B. FREEMAN.

(Filed 29 March, 1922.)

**1. Landlord and Tenant—Possession by Tenant—Ejectment—Title.**

The tenant continuing in possession of the premises under a lease from the landlord may not deny the latter's title, without first surrendering the possession, by setting up a superior outstanding title in himself, or in some

third person; and the principle upon which the tenant may dispute the derivative title of one claiming under the landlord, does not arise upon this appeal.

2. **Same—Justices of the Peace—Jurisdiction—Exceptions—Appeal and Error—Objections and Exceptions.**

Where the original jurisdiction of a justice of the peace, in a possessory action of ejectment, has not been excepted to in the tenant's appeal, the question of title is not raised for adjudication in the Superior Court, or properly presented on the tenant's appeal to the Supreme Court.

APPEAL by defendant from *Bond, J.,* at second October Term, 1921, of WAKE.

Summary proceeding in ejectment to evict the defendant, a tenant, from the premises of the plaintiff.

Upon trial in Superior Court, there was a verdict and judgment in favor of plaintiff, from which the defendant appealed.

*J. L. Emanuel and E. P. Maynard for plaintiff.*
*Mrs. Pattie D. B. Freeman, in propria persona, for defendant.*

STACY, J.   This was a summary proceeding in ejectment, commenced in the court of a justice of the peace, and tried *de novo* on appeal to the Superior Court of Wake County. From the judgment of the latter court the case comes to us for review.

The tenancy and the expiration of the term are both admitted (C. S., 2365); but defendant refuses to vacate the premises upon the ground that, although having taken possession under a lease, she has now acquired an outstanding claim to the property superior to the plaintiff's right and superior to her original landlord's title. It has been the uniform holding with us that where the relation of landlord and tenant exists, and the latter takes possession of the demised premises under a lease from the former, the tenant will not be permitted to dispute the title of the landlord, either by setting up an adverse claim to the property or by undertaking to show that it rightfully belongs to a third person, during the continuance of such tenancy. *Clapp v. Coble,* 21 N. C., 177. Before the defendant here could avail herself of this position it would be necessary for her first, and as a condition precedent, to surrender the possession which she had thus acquired under the lease. The reasons in support of the wisdom of such a policy are fully set forth by *Hoke, J.,* in *Lawrence v. Eller,* 169 N. C., 211, where the question is discussed at some length with citation of numerous authorities.

We may add, however, that this principle does not go to the extent of denying to the tenant the right to dispute the derivative title of one claiming under the landlord. *Hargrove v. Cox,* 180 N. C., 360, and cases there cited; 16 R. C. L., 670. But this is not our case; and there

16—183

is no exception calling in question the original jurisdiction of the justice of the peace. *Hauser v. Morrison,* 146 N. C., 248; *McLaurin v. McIntyre,* 167 N. C., 350.

Upon the instant record we have found no error, and the judgment of the Superior Court must be upheld.

No error.