MRS. SUSAN M. SHELTON AND WACHOVIA BANK & TRUST COMPANY, TRUST AGENT, v. W. H. CLINARD.

(Filed 30 April, 1924.)

**1. Ejectment—Landlord and Tenant—Parties—Leases—Statutes.**

The landlord under whom a tenant has entered into the possession of the leased premises is the proper one to bring his summary action of ejectment to dispossess the tenant holding over after the expiration of his lease, upon proper notice to vacate, and the objection of the tenant that the landlord has again leased the premises to another to begin immediately upon the expiration of his term, and that the second lessee is the only one who can maintain the proceedings in ejectment, is untenable. C. S., 2365, 2367.

**2. Same—Title.**

During the continuance of his possession entered upon and in right of the title of his landlord, the tenant is not ordinarily permitted to deny the title under which he had acquired possession, or set up a superior right or title in another.

**3. Same—Duty of Landlord.**

Where the landlord has leased the premises to another to begin at the expiration of an existing lease, he impliedly obligates the delivery of the possession at the time stated, and to see that the leased premises is then vacated for the occupation by his lessee.

APPEAL by defendant from *Bryson, J.*, at February Term, 1924, of FORSYTH.

Summary proceeding in ejectment, tried upon the following issues:

"1. Was the defendant the tenant of the plaintiff, and if so, did he hold after the expiration of the tenancy? Answer: Yes.

"2. What amount, if any, is the defendant indebted to the plaintiff for rent per month for the premises, and what amount is the defendant indebted to the plaintiff for damages? Answer: Rent, $250 per month."

From a judgment on the verdict in favor of plaintiff, the defendant appeals.

*Oscar O. Efird and W. L. Ferrell for plaintiff.*
*Holton & Holton and W. T. Wilson for defendant.*

STACY, J. This was a summary proceeding in ejectment, commenced in the court of a justice of the peace, and tried *de novo* on appeal to the Superior Court of Forsyth County. From the judgment of the latter court, the case comes to us for review.

The tenancy, the expiration of the term, and demand for surrender are all admitted, or at least they are not denied. But the defendant refuses to vacate the premises upon the ground that the plaintiff, the owner of the land, is not the proper party to bring this suit because

she has agreed in writing to lease the premises to D. T. Stathos, Steve Demetrion and Jim Malenkos for a term of five years, at and for the rental price of $250 per month, said lease to take effect on 1 December, 1923, the day after the expiration of the defendant's lease. Hence it is the contention of the defendant that said lessees, transferees of the right of possession, are the real parties in interest and alone entitled to institute a proceeding like the present.

Section 2365 of the Consolidated Statutes authorizes a summary proceeding in ejectment against any tenant, and the assigns under the tenant or legal representatives of such tenant or lessee, who holds over and continues in the possession of the demised premises, or any part thereof, after demand for its surrender, and without the permission of the landlord; and section 2367 provides that the application for such remedy may be made by the landlord or lessor of the demised premises, or by his assigns, or his or their agent or attorney. We think the plaintiff comes precisely within the terms of the statute and is, therefore, entitled to avail herself of its provisions.

It has generally been supposed that a landlord can maintain a summary proceeding in ejectment to remove a tenant holding over after the expiration of his term, although the landlord may have entered into a new lease of the premises to begin immediately upon the expiration of the term of the tenant in possession; and it may be doubted as to whether the tenant under the new lease can maintain a summary proceeding in ejectment (not general action for possession) against the prior tenant because the statute apparently provides for such right only in cases where the conventional relation of landlord and tenant exists. However, as to this latter point, we make no present decision. The question is not before us. *Sloan v. Hart,* 150 N. C., 269.

Again, it has been the uniform holding with us that where the relation of landlord and tenant exists, and the latter takes possession of the demised premises under a lease from the former, the tenant will not be permitted to dispute the title of the landlord during the continuance of such tenancy, either by setting up an adverse claim to the property or by undertaking to show that it rightfully belongs to a third person. *Hobby v. Freeman,* 183 N. C., 240; *Clapp v. Coble,* 21 N. C., 177. The reasons in support of the wisdom of such a policy are fully set forth by *Hoke, J.,* in *Lawrence v. Eller,* 169 N. C., 211, where the question is discussed at some length with citation of a number of authorities.

Speaking to the question in *Davis v. Davis,* 83 N. C., 71, *Smith, C. J.,* said:

"It is well-settled doctrine that one who, as tenant, gains possession of the land of another cannot resist an action for its recovery, brought after the termination of the lease, by showing a superior title in another

or in himself, acquired before or after the contract. The obligation to surrender becomes absolute and indispensable. 'Honesty forbids,' says *Ruffin, C. J.,* 'that he should obtain possession with that view, or after getting it, thus use it.' *Smart v. Smith,* 2 Dev., 258. 'Neither the tenant nor any one claiming under him,' remarks *Daniel, J.,* 'can controvert the landlord's title. He cannot put another person in possession, but must deliver up the premises to his own landlord.' *Callender v. Sherman,* 27 N. C., 711. 'If he entered as tenant, or after entry had become such,' is the language of *Rodman, J.,* 'he was estopped from asserting his title until he had restored the possession to the plaintiff.' *Heyer v. Beatty,* 76 N. C., 28."

This principle, however, in a number of jurisdictions, is subject to the exception that a tenant is not estopped from showing a conveyance of the demised premises by the landlord to another during the term of the tenancy (*Raines v. Hindman,* 136 Ga., 450; 24 Ann. Cas., 347, and note); and, with us, it does not go to the extent of denying to the tenant the right to dispute the derivative title of one claiming under the landlord. *Hargrove v. Cox,* 180 N. C., 360, and cases there cited; 16 R. C. L., 670. But an agreement on the part of the landlord to lease the demised premises to another, made during the term of the prior tenancy, is not such a "conveyance" as will deprive the landlord of the right to evict the tenant in possession, and thus make way for the entry of the new tenant.

Even in those jurisdictions holding that a tenant is not estopped from showing a conveyance of the demised premises by the landlord to another during the term of the tenancy, it is also held that a conditional sale of the leased premises does not terminate the relation of landlord and tenant, thereby denying to the lessor the right to institute possessory proceedings against the tenant holding over, since the landlord still retains the legal title. *Miller v. Levi,* 44 N. Y., 489. And upon summary action brought to recover possession of the premises, the lease under which the tenant holds having expired, the defendant cannot set up a lease from the plaintiff to a third party to commence at the expiration of his term. *Fox v. Macaulay,* 12 Upper Canada Common Pleas, 298.

In the last case just cited the following is taken from the syllabus: "Upon ejectment brought to recover possession of premises, the lease under which defendant held having expired, the defendant sought to set up a lease from plaintiff to a third party to commence at the expiration of his lease, contending that the lessee under that lease was entitled to possession: *Held,* that the defendant could not, as between himself and his landlord, set up the rights of a third party, but that he must give up possession, in accordance with the terms of his lease, to his landlord."

There is an implied obligation on the part of the lessor to deliver possession of the demised premises to the lessee at the commencement of the term. This implied obligation, where the term is to commence in the future, extends to the wrongful withholding of possession by a third person at the time of the commencement of the lessee's right to possession; so that, if a lease is made of lands then in the possession of another tenant of the lessor under an unexpired lease, it is the duty of the lessor to see that the first tenant vacates the premises at the time the second lessee's right of possession accrues. *Sloan v. Hart, supra.*

We think the right of the landlord to maintain this proceeding comes clearly within the terms of the statute. The judgment entered below must be upheld.

No error.