### J. I. AND H. H. PERRY v. MATTHEW PERRY.

(Filed 16 September, 1925.)

**Ejectment — Leases — Landlord and Tenant — Evidence—Questions for Jury—Title.**

> While the defendant in summary ejectment may not deny the title to the property of the one under whom he obtained possession while continuing therein, it is competent for him to show by his evidence that in fact he rented from and entered possession under another.

APPEAL by defendant from *Cranmer, J.,* at March Term, 1925, of PASQUOTANK.

Summary ejectment between plaintiffs, alleged landlords, and defendant, alleged tenant, and from a judgment on a jury verdict for plaintiffs, the defendant appeals.

The defendant's appeal challenges the exclusion of evidence offered by him tending to show that the defendant rented the *locus in quo* from another, and that there was a dispute as to the title, and that defendant's wife, as well as one Bundy, claimed an interest in this land. There was no motion to dismiss, for that title to land was in controversy.

*W. L. Small, Ehringhaus & Hall for plaintiffs.*
*Aydlett & Simpson for defendant.*

VARSER, J. In summary ejectment there is, of course, only one main issue involved, and that is tenancy and the holding over. *McDonald v. Ingram,* 124 N. C., 272; *McIver v. R. R.,* 163 N. C., 545. However, it naturally follows that the summary remedy in ejectment provided by statute is restricted to cases in which the relation between the parties is that of landlord and tenant. *McIver v. R. R., supra; Hauser v. Morrison,* 146 N. C., 248; *McCombs v. Wallace,* 66 N. C., 481; *Hughes v. Mason,* 84 N. C., 472; *Fertilizer Works v. Aiken,* 175 N. C., 398; *Hargrove v. Cox,* 180 N. C., 362.

The defendant denies that this relation exists. He expressly testifies that he did not rent the lands from the plaintiffs. The evidence offered is not competent to show title in another, if the relation of landlord and tenant does exist. This testimony as to a rental by defendant from Bundy, in 1923 and 1924, and as to a controversy between the Perrys and defendant's wife is competent to be considered by the jury on the issue as to the rental contract, as a circumstance, in determining whether there was such a contract. It is also competent as corroborative of the defendant's testimony. These are the only purposes for which it is competent. Thus restricted, the testimony ought to have been admitted.

Of course, as stated in *Davis v. Davis,* 83 N. C., 71, if the defendant did enter as tenant of the plaintiffs or became such after entry, then he is estopped to deny the plaintiffs' title (16 R. C. L., 469), or to assert title in himself (16 R. C. L., 657) until he has restored the possession to the plaintiffs, but he may contest the issue of tenancy by any competent evidence.

Therefore, let there be a
New trial.