J. H. PITMAN ET AL. V. FRED HUNT ET UX.

(Filed 23 October, 1929.)

1. **Evidence D b—Testimony in this case held not to be incompetent as communication with decedent.**

Where some of the witnesses in an action in ejectment are not interested in the event, their testimony does not fall within the intent and meaning of the statute, C. S., 1795, disqualifying a party interested in the event from testifying as a witness in his own behalf as to transactions or communications with a decedent, and the exclusion of their testimony tending to show the tenancy of a decedent under whom one defendant claims as adverse possessor, is reversible error entitling the plaintiff to a new trial.

2. **Adverse Possession A f—Tenant may not dispute landlord's title during tenancy or until surrender of possession.**

Where the relation of landlord and tenant exists, the tenant will not be permitted to dispute the landlord's title, either by setting up an adverse claim to the property or by undertaking to show title in a third person, during the continuance of the tenancy, or without first surrendering the possession to the landlord.

**3. Same—Possession of tenant is deemed possession of landlord.**

Where a tenant on land takes possession under the title of the landlord, the possession of the tenant is deemed in law the possession of the landlord, and in order for the tenant to acquire title by adverse possession he must show possession for twenty years after the termination of the tenancy under a written lease, or, where there is no written lease, from the payment of the last rent, and if the title is claimed under color, seven years sufficient possession must be shown.

APPEAL by plaintiff from *Cranmer, J.,* at April Term, 1929, of ROBESON.

Civil action in ejectment.

From a judgment of nonsuit entered on motion of defendants at the close of plaintiff's evidence, the plaintiffs appeal, assigning error.

*McKinnon & Fuller for plaintiffs.*
*Varser, Lawrence, Proctor & McIntyre for defendants.*

STACY, C. J.. There is evidence on behalf of plaintiffs tending to show that their ancestor and predecessor in title, H. F. Pitman, took a deed for the *locus in quo* on 22 June, 1878, and that the same was duly registered 10 November, 1879. (The description may need to be aided by parol, but this the plaintiffs offered to do. *Bissette v. Strickland,* 191 N. C., 260, 131 S. E., 655.) Thereafter, the said H. F. Pitman placed one Berry Oxendine in possession of the land as his tenant, and plaintiffs offered to show that the said Berry Oxendine remained in possession of said property, as tenant of plaintiffs and their ancestor, for approximately forty years, when, by deed bearing date 19 March, 1927, he undertook to convey the same to the defendants.

All evidence offered by plaintiffs tending to show that Berry Oxendine was first the tenant of their ancestor and later their own tenant was excluded, presumably upon the ground that it violated the meaning and spirit of C. S., 1795, which disqualifies a party or person interested in the event, or a person from, through or under whom such a party or interested person derives his title or interest, from testifying as a witness in his own behalf, or in behalf of the party succeeding to his title or interest, against the executor, administrator or survivor of the deceased person, concerning a personal transaction or communication between the witness and the deceased, except where the executor, administrator or survivor, or person so deriving title, is examined in his own behalf, or the testimony of the deceased person is given in evidence concerning the same transaction or communication. *In re Mann,* 192 N. C., 248, 134 S. E., 649. But without passing upon this question, which was discussed in *Poole v. Russell, ante,* 246, it appears that some of the witnesses were not interested in the event, and as to their testimony the statute

would have no application. We think there was error in excluding all the evidence tending to show the tenancy of Berry Oxendine, which entitles the plaintiffs to a new trial.

It has been the uniform holding with us that where the relation of landlord and tenant exists, and the latter takes possession of premises under a lease from the former, the tenant will not be permitted to dispute the title of the landlord, either by setting up an adverse claim to the property or by undertaking to show that it rightfully belongs to a third person, during the continuance of such tenancy, or without first surrendering the premises to the landlord. *Hobby v. Freeman,* 183 N. C., 240, 111 S. E., 1; *Lawrence v. Eller,* 169 N. C., 211, 85 S. E., 291. And it is provided by C. S., 433 that when the relation of landlord and tenant has existed, the possession of the tenant is deemed the possession of the landlord, until the expiration of twenty years from the termination of the tenancy, or where there has been no written lease, until the expiration of twenty years from the time of the last payment of rent. *Power Co. v. Taylor,* 191 N. C., 329, 131 S. E., 646.

It may be well to add, also, that in actions between individual litigants, as here, when one claims title to land by adverse possession and shows such possession (1) for seven years under color, or (2) for twenty years without color, either showing is sufficient to establish title in this jurisdiction. *Dill Corp. v. Downs,* 195 N. C., 189, 141 S. E., 570; *Power Co. v. Taylor, supra.*

Reversed.