PRUDENTIAL INSURANCE COMPANY OF AMERICA AND PROPERTY LOANS, INCORPORATED, AGENT OF PRUDENTIAL INSURANCE COMPANY OF AMERICA, v. W. L. TOTTEN.

(Filed 2 November, 1932.)

Ejectment C b—Under facts of this case defendant was not estopped to deny tenancy and issue of title was raised.

Where a deed of trust contains a provision that in the event the property is foreclosed the holder of the bond secured by the deed of trust should have the right to bid in the property and if the property was so bid in the person in possession of the property should be considered the tenant at will of the purchaser, and the property is foreclosed under the deed of trust and bid in by the bondholder, and thereafter the bondholder brings summary action in ejectment before the justice of the peace, C. S., 2365, and the defendant sets up the defense that the bondholder bid in the property at the sale for the benefit of the defendant, etc.: *Held,* the principle that a tenant will not be allowed to dispute his landlord's

title during the continuance of the tenancy applies only where the conventional relationship of landlord and tenant exists, and the title to the property being in issue, the jurisdiction of the justice of the peace was ousted, and the proceeding was properly dismissed as in case of nonsuit upon appeal to the Superior Court.

APPEAL by plaintiffs from *Moore, Special Judge,* at March Special Term, 1932, of DURHAM.

Civil action in the nature of a summary proceeding in ejectment.

On 28 August, 1926, the defendant and his wife, being indebted to the Prudential Insurance Company of America in the sum of $11,000 for money borrowed, executed a deed of trust on a house and lot in the city of Durham to secure payment of same according to its tenor. The Raleigh Real Estate and Trust Company was named trustee in said deed of trust, and the following stipulation appears therein:

"The said parties of the first part hereby agree that in the event of a sale the lawful holder of said bond shall have the right to bid at such sale and become the purchaser thereat, and that if a sale shall be made, whoever may be in possession of said premises at that time shall at once become the tenant or tenants at the will of the purchaser at the monthly rental of one hundred and ten and no/100 dollars ($110), payable monthly in advance, and shall and will remove at any time thereafter or upon one month's notice from said purchaser, without regard to any previous lease, contract or agreement relating to the use or occupation of said premises."

The said deed of trust was foreclosed 22 July, 1931, at which the Prudential Insurance Company of America became the last and highest bidder. Deed was executed to the purchaser by the trustee 4 August, 1931, and on 30 September following, plaintiffs demanded possession of the premises.

It is the contention of the defendant that the Prudential Insurance Company of America bid in said property at the foreclosure sale for the defendant and his wife and that the same is now held by said plaintiff as trustee for the defendant and his wife.

No demand for rent was made by plaintiffs before or after the institution of the present proceeding.

From a judgment of nonsuit, entered for want of jurisdiction, the plaintiffs appeal.

*Basil M. Watkins for plaintiffs.*
*O. G. Barker for defendant.*

STACY, C. J. In the statement of case on appeal, the parties have styled the present proceeding "a civil action in the nature of a summary

proceeding in ejectment." It was commenced in a court of a justice of the peace, and heard *de novo* on appeal to the Superior Court of Durham County.

It is the position of the plaintiffs that the defendant is estopped by the terms of his own deed of trust to deny the tenancy now existing between the Prudential Insurance Company of America as landlord and the defendant and his wife as tenants. *Gaylord v. Gaylord,* 150 N. C., 222, 63 S. E., 1028.

The defendant, on the other hand, contends that the demise inserted in said deed of trust, if, indeed, the same be valid (*McCombs v. Wallace,* 66 N. C., 481; *Brooks v. Griffin,* 177 N. C., 7, 97 S. E., 730), does not create such a tenancy within the meaning of the landlord and tenant act as to subject the defendants to eviction by a summary proceeding before a justice of the peace. C. S., 2365; *Hughes v. Mason,* 84 N. C., 473; *Hauser v. Morrison,* 146 N. C., 248, 59 S. E., 693; *Hamilton v. Highlands,* 144 N. C., 279, 56 S. E., 929; *Shelton v. Clinard,* 187 N. C., 664, 122 S. E., 477; *McLaurin v. McIntyre,* 167 N. C., 350, 83 S. E., 627.

In *McDonald v. Ingram,* 124 N. C., 272, 32 S. E., 677, it was said: "The only question the court can try under the statute in this proceeding is: 'Was the defendant the tenant of plaintiff, and does she hold over after the expiration of the tenancy?'" No demand for rent has ever been made by plaintiffs in the instant case.

The defendant further contends that under the principle applied in *McNinch v. Trust Co.,* 183 N. C., 33, 110 S. E., 663, and other cases of like import, the relation of trustee and *cestui que trust* exists between the Prudential Insurance Company of America and the defendant, which also takes the case from under the landlord and tenant act. *McCombs v. Wallace, supra; Riley v. Jordan,* 75 N. C., 180; *Abbott v. Cromartie,* 72 N. C., 292.

That a tenant who takes possession of demised premises under a lease from the landlord, or being in possession unconditionally agrees to hold as such (*Riley v. Jordan, supra*), will not be permitted to dispute the landlord's title, during the continuance of the tenancy, is established by all the authorities on the subject. *Hobby v. Freeman,* 183 N. C., 240, 111 S. E., 1; *Clapp v. Coble,* 21 N. C., 177. But this principle, founded upon reasons of public policy, applies only in cases where the simple relation of landlord and tenant exists (*Abbott v. Cromartie, supra*), and does not extend to instances where title to the property is brought in question or equities are to be adjusted between the parties. *Hughes v. Mason, supra; Hauser v. Morrison, supra; Turner v. Lowe,* 66 N. C., 413.

It follows, therefore, as the title to the property is in issue, and the relation between the parties other than that of conventional landlord and tenant, the jurisdiction of the justice of the peace was ousted and the proceeding was properly dismissed as in case of nonsuit. *Hughes v. Mason, supra; Shelton v. Clinard, supra.*

Affirmed.