HOME BUILDING AND LOAN ASSOCIATION, GASTONIA, N. C., v. MRS. O. O. MOORE AND MRS. J. E. DALE.

(Filed 1 January, 1935.)

1. **Justices of the Peace D a—**

In proceedings before a justice of the peace oral pleadings are permissible. C. S., 1500, Rule 6.

2. **Ejectment B e — Title to property held put in issue and action in summary ejectment was properly dismissed in Superior Court upon appeal.**

Where, in proceedings in summary ejectment before a justice of the peace, C. S., 2365, plaintiff claims title through a deed from defendant's father and maintains that defendants orally leased the land from plaintiff, and defendants claim that the land belonged to their mother, and that they acquired title by inheritance from her, and that they have steadfastly refused to pay rent upon demand, the adverse contentions of the parties, supported by evidence, put the title to the property in issue, and the jurisdiction of the justice of the peace is ousted, and on appeal in the Superior Court the action is properly dismissed.

APPEAL by the plaintiff from *Cowper, Special Judge,* at May Term, 1934, of GASTON. Affirmed.

This was a proceeding commenced before a justice of the peace in summary ejectment under C. S., 2365, *et seq.,* and was heard *de novo* on appeal by the plaintiff to the Superior Court at term time.

It is the position of the plaintiff that the relationship of landlord and tenants existed between it and the defendants by virtue of an oral lease, and that this proceeding could be properly maintained.

The position of the defendants, on the other hand, is that they are the owners of the house and land from which the plaintiff seeks to eject them, by inheritance from their deceased mother, and contend that a question of title is involved, and that therefore the court of a justice of the peace is without jurisdiction, in the first instance, of the controversy between them and the plaintiff, and that the Superior Court is likewise without jurisdiction upon appeal.

*A. C. Jones and Geo. B. Mason for appellant.*
*W. H. Sanders for appellees.*

SCHENCK, J.    The pleadings were oral, which were permissible, since this is a proceeding before a justice of the peace.    C. S., 1500, Rule 6.

Upon the trial in the Superior Court the plaintiff contended and offered evidence tending to show that it was the owner of the premises in controversy by virtue of a deed to it from the father of the defendants conveying said premises, and that when the grantor vacated said premises the defendants, his daughters, orally agreed to pay $4.00 per month rental for "a few months" until they could find another place to go, and that defendants have been upon said premises for approximately 18 months without paying any rent whatsoever, and have declined to vacate, notwithstanding they have been served with notice to quit.

The defendants contended and offered evidence tending to show that they have lived upon the land in controversy for more than fifteen years, and that their deceased mother, and not their father, was the owner of said premises, and that they are now, as heirs at law of their mother, the owners thereof; and that while they have been asked to pay rent they have at all times steadfastly refused to do so, or to agree to do so.

We think these adverse contentions and contradictory evidence clearly put the title to the property involved in issue, and made the relationship of the parties other than that of conventional landlord and tenants, and ousted the jurisdiction of the justice of the peace, and that his Honor therefore properly dismissed the action on appeal as in case of nonsuit. *Insurance Co. v. Totten,* 203 N. C., 431, and cases therein cited.

Affirmed.