HERMAN DEAN v. A. A. DUVALL.

(Filed 20 March, 1935.)

CIVIL ACTION, before *Hill, Special Judge,* at August Term, 1934, of MACON.

The plaintiff instituted a summary proceeding in ejectment against the defendant before a justice of the peace. The defendant filed an answer denying that he was a tenant of plaintiff, or that the plaintiff was the owner of the land, and also alleged that he was the owner of said

land. The magistrate dismissed the proceeding and there was an appeal to the Superior Court.

Plaintiff testified that he rented the property to the defendant for the year 1932, and that his term expired on 31 December of that year, and that the defendant held over, etc. Plaintiff further testified that the land was the home place of the defendant.

On cross-examination counsel for defendant proposed to ask the plaintiff if he did not have a mortgage on the defendant's home. Upon objection the question was eliminated by the trial judge. The witness would have answered that he had a deed of trust on the property given in 1928. The answer was likewise stricken out. In the absence of a jury, plaintiff testified that he had a deed of trust upon the home place of defendant, which is the land in controversy, and that same was foreclosed and purchased by him, and that he had thereafter rented to the defendant.

Upon the return of the jury the foregoing testimony was offered in evidence, but upon objection by the plaintiff was excluded.

The defendant testified that the land in controversy was his home place, where he had always lived, and that he did not rent the place from the defendant.

The foregoing was the substance of all the testimony offered at the trial by both parties.

The following issues were submitted to the jury:

1. "Did the plaintiff lease or rent to the defendant for the year 1932 the lands described in the plaintiff's affidavit?"

2. "Is the plaintiff the owner and entitled to the possession of said lands?"

3. "What amount, if any, is the plaintiff entitled to recover of the defendant?"

The jury answered the first issue "Yes," the third issue "$12.50," and omitted to answer the second issue.

From judgment for possession against the defendant he appealed.

*W. L. McCoy* for *plaintiff*.
*Geo. B. Patton* and *R. D. Sisk* for *defendant*.

PER CURIAM. The defendant contends that the title to the land was in controversy, and that therefore a justice of the peace did not have jurisdiction of the action.

The pertinent statutes are C. S., 1476, 1477, and 2365.

In proceedings of summary ejectment the title to land is not raised or put in controversy by mere allegation that such controversy exists. *McDonald v. Ingram*, 124 N. C., 272, 32 S. E., 677; *Perry v. Perry*, 190

N. C., 125, 129 S. E., 147; *Hauser v. Morrison,* 146 N. C., 248, 59 S. E., 693; *McLaurin v. McIntyre,* 167 N. C., 350, 83 S. E., 627; North Carolina Practice & Procedure, p. 55. See *Ins. Co. v. Totten,* 203 N. C., 431, 166 S. E., 316.

The defendant did not allege facts creating a controversy with respect to the title of the property, but it seems that he attempted to offer evidence that he had given a mortgage or deed of trust on the property, and that the relationship of mortgagor and mortgagee existed. All such evidence, however, was stricken out. The jury did not answer the issue as to whether the plaintiff was the owner of the land or not, and the record is so meager that we are unable to determine the rights of the parties.

New trial.