J. A. HOWELL, C. C. HOWELL, Agent, v. J. B. BRANSON.

(Filed 10 April, 1946.)

**1. Ejectment § 4—**

The jurisdiction of a justice of the peace of proceedings in summary ejectment is purely statutory, Const. N. C., Art. IV, sec. 27; G. S., 42-26, and is limited by statute to those cases in which the relationship of landlord and tenant exists and the tenant holds over after expiration of the term or otherwise violates the provisions of his lease, and it is necessary that the jurisdictional facts be alleged, G. S., 42-28.

**2. Same: Courts § 2d—**

The jurisdiction of the Superior Court on appeal from the justice of the peace in summary ejectment is derivative, and when the proceedings before the justice of the peace is based upon an "oath in writing" to the effect only that defendant entered into possession of the premises and refused to vacate same, without allegation of the existence of the jurisdictional relationship of landlord and tenant, the proceedings should be dismissed in the Superior Court as in case of nonsuit.

**3. Appeal and Error § 40a—**

When the absence of jurisdiction appears on the face of the record, such defect is presented by an exception to the judgment which challenges the correctness of the judgment.

APPEAL by defendant from *Olive, Special Judge,* at January Term, 1946, of RANDOLPH. Reversed.

This was a summary proceeding in ejectment begun before a justice of the peace, based upon affidavit that defendant had "entered into possession" of a described house and lot, and "refuses to vacate the house." Summons was issued 7 September, 1945, and judgment for plaintiff rendered 8 September. Defendant appealed to the Superior Court.

On the hearing in the Superior Court plaintiff testified that he rented the property to Mrs. J. B. Branson for $15 per month, that he gave her notice in March, 1945, that he wanted the house 1 September. The rent was paid by Mrs. Branson to that date. On 4 September, 1945, plaintiff wrote J. B. Branson that he had placed the matter in the hands of his attorney and "he will give you due notice when to vacate." The attorney wrote defendant J. B. Branson giving him until 10 September, 1945, to vacate.

There was verdict for plaintiff, and from judgment rendered thereon defendant appealed.

*W. C. York for plaintiff, appellee.*

*J. G. Prevette for defendant, appellant.*

DEVIN, J.  It is apparent from an inspection of the record that the court was without jurisdiction.  The proceeding summarily to remove defendant from described premises originated in the court of a justice of the peace and was based upon an oath in writing to the effect only that defendant "entered into possession" of a house and lot, and "refuses to vacate said house."  In the absence of an allegation that the relationship of landlord and tenant existed between the parties and that the defendant was holding over, the justice of the peace was without jurisdiction.  Art. IV, sec. 27, Cons. N. C.; *Credle v. Gibbs,* 65 N. C., 192.

The jurisdiction of a justice of the peace in summary ejectment proceedings is purely statutory, G. S., 42-26, and may be exercised only in cases where the relationship of landlord and tenant exists, and the tenant holds over after the expiration of his term, or has otherwise violated the provisions of his lease.  *McDonald v. Ingram,* 124 N. C., 272, 32 S. E., 677; *Ins. Co. v. Totten,* 203 N. C., 431, 166 S. E., 316; *Simons v. Lebrun,* 219 N. C., 42, 12 S. E. (2d), 644.  The remedy by summary proceedings in ejectment is restricted to those cases expressly provided by the statute.  *Hauser v. Morrison,* 146 N. C., 248, 59 S. E., 693.  Both the basis and the scope of the proceeding are limited by the Act.  *Warren v. Breedlove,* 219 N. C., 383, 14 S. E. (2d), 43.  The "oath in writing" required by the statute must allege the facts essential to confer jurisdiction.  G. S., 42-28.  The jurisdiction of the justice of the peace under this statute is "limited to landlords and tenants."  *McDonald v. Ingram, supra.*  The jurisdiction of the Superior Court was derivative only and was limited to the powers which the justice of the peace could have exercised.  *Hopkins v. Barnhardt,* 223 N. C., 617, 27 S. E. (2d), 644.  The defendant's exception to the judgment challenged the correctness of the judgment, as the absence of jurisdiction appeared on the face of the record.  *Query v. Ins. Co.,* 218 N. C., 386, 11 S. E. (2d), 139.

The proceeding should have been dismissed as in case of nonsuit.  *Ins. Co. v. Totten,* 203 N. C., 431 (434), 166 S. E., 316.  This disposition of the appeal renders unnecessary discussion of defendant's exceptions to the denial of his motion for nonsuit on the ground of failure of proof, and that the action was begun before plaintiff's cause of action had accrued (*Cherry v. Whitehurst,* 216 N. C., 340, 4 S. E. [2d], 900).

Judgment reversed.